ply upon the purchase price of the house, No. 1202 De Graw street in said borough. As to those two items, a referee should be appointed pursuant to section 2586 of the Code of Civil Procedure, to take further testimony; the burden of proof being on the administrator in the establishment of the validity of these claims, and the referee to report such testimony to this court with his opinion. All concur.

(113 App. Div. 41)

MEARS et al. v. NORTH AMERICAN BREWING CO.

(Supreme Court, Appellate Division, Second Department. May 4, 1906.)

COURTS—MUNICIPAL COURTS—APPEAL—RENDITION OF JUDGMENT AGAINST DEFENDANT NOT SERVED WITH PROCESS.

Under Code Civ. Proc. § 3057, providing for affidavits on appeal founded on error in fact not within the knowledge of the court, an appeal from a judgment of the Municipal Court of New York is the proper remedy, where defendant shows by affidavit that the summons was not served on it, and the affidavit of service fails to show a proper service.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Camden Mears and others, copartners, doing business under the firm name of the Mears Rubber Company, against the North American Brewing Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Fernando Solinger, for appellant.
Henry Bonawitz, for respondents.

MILLER, J. The defendant appeals from a judgment of the Municipal Court, and shows by affidavit that personal service of the summons was not made upon it, and that it made no appearance in the action. The respondent does not dispute this, and the affidavit of service upon which the judgment was rendered fails to show service on the defendant. An appeal was the proper remedy. Section 3057, Code Civ. Proc.; Lazarus v. Boynton (Sup.) 86 N. Y. Supp. 104.

The judgment of the Municipal Court must be reversed, with costs. All concur.

(113 App. Div. 373)

In re EVANS' WILL.

(Supreme Court, Appellate Division, Second Department. May 9, 1906.)

WILLS—REVOCATION.

Under 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 42, declaring that no will shall be revoked except by some other will in writing, or some writing of the testator declaring such revocation, or unless the will be burnt, torn, canceled, obliterated, or destroyed with the intent and for the purpose of revoking the same by the testator himself, or by another person in his presence by his direction and consent, a will which the testatrix directed the custodian thereof to destroy, and which he falsely stated he had destroyed, was not revoked.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 443.]

Appeal from Surrogate's Court, Kings County.

Proceeding for the probate of the last will and testament of Anna Evans, deceased. From a judgment admitting the will to probate, Richard J. Evans appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

A. P. Bachman, for appellant.

James P. Judge, for respondent.

JENKS, J. The sole question is not whether Mrs. Evans made a valid will, but whether she left one. The learned surrogate found that in 1905, prior to her death, she directed her brother, who had a contingent interest under the will, and was the sole executor, to produce the will made in 1897 before her, and to destroy it; that she asked him if he had destroyed it, and that he answered that he had done so. If the will had been revoked, the brother would not have been benefited through her intestacy. The statute dealing with revocations is plain. 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 42. It specifies the acts which may work revocation, and, in effect, declares that there is no other way. The authorities are clear and uniform that revocation can only be made pursuant thereto. Lovell v. Quitman, 88 N. Y. 377, 42 Am. Rep. 254; Burnham v. Comfort, 108 N. Y. 535, 541, 15 N. E. 710, 2 Am. St. Rep. 462; Matter of Davis' Will, 105 App. Div. 221, 228, 93 N. Y. Supp. 1004; Delafield v. Parish, 25 N. Y. 9. But the learned counsel for the contestants would bring this case within the statute in order that this specific wrong may be righted. His proposition is:

"Equity is properly invoked in the application of a statute, if the circumstances of the matter are such as properly conform to the spirit of the statute, and could not reasonably have been in the mind of the legislators when enacting the statute."

And we are cited to the quotation from Bacon, made by Earl, J., in Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819:

"In order to form a right judgment whether or not a case be within the equity of a statute, it is a good way to suppose the lawmaker present, and that you have asked him this question, 'Did you intend to comprehend this case?' Then you must give yourself such answer as you imagine he, being an upright and reasonable man, would have given. If this be that he did mean to comprehend it, you may safely hold the case to be within the equity of the statute; for while you do no more than he would have done, you do not act contrary to the statute, but in conformity thereto."

Let us apply the test. Of course the question put would not be specific as to whether the statute was intended to right the wrong worked in this specific instance, but whether the statute "comprehended," i. e., a revocation in a case where the testator directed that an act sufficient under the statute to effect a revocation should be done, and it was not done, but the testator was told by the custodian that it had been done apart by the custodian. The legislator might well answer that the statute was drawn so as to require that such an act should actually be done;

that the protection of testators and the objects of their bounty demanded that the undoing of an act so formal as the making of a last will and testament should be so formal and so thorough and so complete as to show not mere animus revocandi, but positive action upon it should be taken by the testator or in his presence. I know of no principle that justifies a court to apply a statute beyond its interpretation and construction, on the ground that its application would prevent injustice in a specific instance. Legislative limitations or omissions do not constitute a court as a curative Legislature.

The decree is affirmed, with costs. All concur.