Surrogate's Court, New York County, April, 1924.          [Vol. 123

paid on taxes by reason of the trustee's failure to pay them at the proper time. The amount it was agreed is $59.09. The evidence warrants the objection and the credit claimed in this amount will be disallowed.

The third objection is directed to the credit claimed by the trustee in the sum of $1,800 for services alleged to have been rendered by him as attorney to himself as trustee. I think a fair and reasonable compensation for such services is the sum of $500, and he will, therefore, be disallowed the difference between that amount and the sum of $1,800 aforesaid.

The fourth objection is to an item of $300. As it appeared, however, that this item was included in the executor's account, it was consented that it be disallowed in this proceeding, and it is disallowed accordingly.

The contestant also urges that in view of the manner in which this estate has been administered, no commissions should be allowed to the trustee.

While there is no doubt that legal proceedings were made necessary which might have been avoided at least to some extent by greater promptness on the part of the trustee, I am not prepared to say that he acted with any fraudulent intent. He found himself in a position which he considered a difficult one and in my opinion did not use good judgment. As a result, he has now been surcharged and will be required to pay a considerable amount. I do not think that his conduct has been such as to warrant depriving him of his commissions. His actions, however, have resulted in a controversy which has put this estate to the expense of a contested accounting, for which reason no costs will be allowed to him.

Costs will be awarded to the contestant to be paid out of the estate. Settle decision and decree on notice accordingly.

Decreed accordingly.

---

## In the Matter of the Estate of THOMAS LAWLER, Deceased.

Surrogate's Court, New York County, April 9, 1924.

Wills — probate — will admitted to probate regardless of invalidity of provisions thereof — construction of will properly before surrogate in probate proceeding — provision of will directing executor to distribute remainder of estate to persons named in such amounts as he may in his discretion determine is valid under Real Property Law, § 158.

Where the surrogate after trial is satisfied that a will is genuine; that the testator is of sound mind; that he was not under any restraint and that the will was executed in accordance with the requirements of the statute, he must admit the will to probate regardless of the invalidity of any or all of its provisions.

Where objections to probate have been overruled and all parties request a construction of the will the question is properly before the surrogate for decision.

A provision of a will giving the executor authority to distribute the remainder of the estate to persons named in such shares or amounts as he in his discretion may determine is valid under section 158 of the Real Property Law, which section contemplates the creation of a power under the terms of which the grantee may distribute property in the manner or proportions he thinks proper.

CONTESTED probate proceeding.

*Schreiber, Collins & Buchter*, for the executor.

*Charles G. Coster*, for the petitioner.

*Thomas J. Blake (Alfred Rathheim*, of counsel), special guardian.

O'BRIEN, S.   The testimony of two subscribing witnesses to the will proves that all the requirements of the statute (Decedent Estate Law, § 21) as to execution were complied with.

Contestants oppose the admission of the will to probate on the further ground that the propounded paper embodies invalid provisions.   Their objection in this respect is overruled.   Where the surrogate after a trial is satisfied that a will is genuine, that the testator is of sound mind, that he was not under any restraint and that the will was executed in accordance with the requirements of the statute, he must admit the will to probate, regardless of the invalidity of any or all of its provisions.   *Matter of Davis*, 182 N. Y. 468; *Matter of Webb*, 122 Misc. Rep. 129; affd., 208 App. Div. 793.

The objections to the probate having been overruled and both proponents and contestants having requested a construction of the paragraph of the will claimed by contestants to be void, the question of interpreting said paragraph is properly before the court for decision.

All the paragraphs of the will up to the 9th paragraph bequeathed general legacies to various relatives and friends.   They are not directly involved in the request for construction, which relates to paragraph 9.   This reads as follows:

"*Ninth*. All the rest, residue and remainder of my estate, I give and bequeath to my Executor hereinafter named, to distribute the same to and among such persons as are hereinbefore named in this my last will and testament, and in such shares or amounts as he in his discretion may determine, preference given to my nearest blood relatives.

" And I direct that the discretion herein given to my said

Executor and whatever disposition he may make of any part of my residuary estate thereunder shall not be questioned or objected to by any person mentioned in this my last will and testament, or by any other of my next of kin; and if any person shall raise any question or make any objection thereto, he or she shall not share in any part of my residuary estate."

The objections to this paragraph of the will are that " it fails to specifically name the intended legatees to whom the estate of the decedent is sought to be bequeathed, and in that it fails to specifically state the amount of the legacy bequeathed to each of the legatees attempted to be named in said will." Section 158 of the Real Property Law contemplates the creation of a power under the terms of which the grantee may distribute property to persons in the manner or proportion as he thinks proper. *Morgan* v. *Sanborn*, 225 N. Y. 454. See, also, *McLean* v. *McLean*, 174 App. Div. 153.

I hold, therefore, that the executor under said paragraph is authorized and directed to distribute the residue of the estate to any or all of the persons named in the will up to the 9th paragraph, in such shares or amounts as he shall in his discretion determine, giving preference to testator's nearest blood relatives.

Tax costs and submit decree on notice admitting the will to probate and construing its provisions accordingly.

Decreed accordingly.