·In the Matter of Proving the Last Will of THOMAS LAWLER, Deceased.

THOMAS J. RYAN, Appellant; JOHN CAULFIELD and Others, Respondents.

First Department, February 5, 1926.

Wills — probate — will, if legally executed, must be admitted to probate notwithstanding illegal provision therein — devise of residue to executor to distribute to named legatees in such amounts as he may determine, giving preference to blood relatives, creates valid power — all of named legatees must be given something and blood relatives must receive as much at least as others — executor who is named as legatee must waive right under power or refuse to act as trustee.

A will which is properly executed must be admitted to probate notwithstanding it may contain an illegal provision.

A devise of the residue of an estate to the executor with power in him to dispose thereof among the legatees named in the will in such proportion as he may determine, but giving preference to blood relatives of the testator, creates a valid power.

Under such a provision all the legatees must be given something and blood relatives must receive as much at least as the legatees who are not blood relatives.

If the executor to whom the power is given is, as in this case, a legatee named in the will, he must waive his right to a share in the residue or refuse to act as trustee thereof.

APPEAL by Thomas J. Ryan from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 3d day of July, 1924, admitting a will to probate and construing the provisions thereof.

*Charles G. Coster*, for the appellant.

*Schreiber, Collins, Myers & Buchter* [*John Caldwell Myers* of counsel], for the proponent, respondent.

*Thomas J. Blake*, special guardian in person, for respondents Catherine Ryan and another.

MARTIN, J. The will of Thomas Lawler was on January 23, 1923, admitted to probate by the Surrogate's Court of New York county. Thereafter Thomas J. Ryan, a nephew of the testator who had been served by publication, obtained an order to show cause why the proceeding for probate should not be reopened.

On July 2, 1923, an order was entered reopening the proceeding and granting permission to Thomas J. Ryan to intervene, examine witnesses and file objections to the will. Thereafter he filed objections. The proceeding was noticed for trial and on November 30, 1923, the testimony of the subscribing witnesses was taken before one of the surrogates. At the close of the hearing the contestant moved to revoke the probate of the instrument on the ground that it was void and not a valid will of real or personal property and on the further ground that it was not duly executed in accordance with the provisions of the Decedent Estate Law, in that the decedent had attempted to establish a secret trust of his real and personal property and to devise and bequeath his estate in a manner contrary to statute.

By the first eight paragraphs of his will the testator, after providing for funeral and administration expenses, bequeathed general legacies to various persons. To his three grandnieces he gave the sum of $350 each. To his niece Susan Barry the sum of $1,000. To his friends Margaret Magee, Joseph Reilly and John Caulfield the sums of $1,000, $300 and $500, respectively. To the rector of St. Anthony's All Souls Memorial Church at Florence, S. C., the sum of $100 for religious purposes.

The " ninth " clause of the will provides that the residue of the estate, which amounts to about $16,000, is bequeathed to the executor to be distributed among the persons named in the preceding paragraphs in such amounts as the executor may in his discretion determine, preference to be given to the testator's nearest blood relatives.

In the " tenth " paragraph the testator named his friend John

Caulfield as executor. As indicated, he is given a legacy by one of the first eight paragraphs.

Upon the hearing before the surrogate the contestant called no witnesses, nor did he offer any testimony. Thereafter the will was admitted to probate.

Since both proponents and contestants required a construction of paragraph " ninth " of the will and as the question was properly before the court for decision, the surrogate held that paragraph " ninth " of the will created a power valid under the laws of the State of New York. (123 Misc. 72.)

The first question here for review is whether the surrogate properly admitted this will to probate. The testimony of the subscribing witnesses proved compliance with all the requirements of the statute. (See Decedent Estate Law, § 21.) It also showed that the testator was of sound mind and that he was under no restraint. The will was, therefore, properly admitted to probate.

The contestant opposed the probate of the will on the additional ground that the propounded paper embodies invalid provisions.

In *Matter of Davis* (182 N. Y. 468) and in *Matter of Webb* (122 Misc. 129; affd., 208 App. Div. 793) it was held that where a will is properly executed, it must be admitted to probate irrespective of invalid provisions.

The construction of the " ninth " clause of the will is a more difficult problem. It reads:

" *Ninth.* All the rest, residue and remainder of my estate, I give and bequeath to my Executor hereinafter named, to distribute the same to and among such persons as are hereinbefore named in this my Last will and testament, and in such shares or amounts as he in his discretion may determine, preference given to my nearest blood relatives.

"And I direct that the discretion herein given to my said Executor and whatever disposition he may make of any part of my residuary estate thereunder shall not be questioned or objected to by any person mentioned in this my last will and testament or by any other of my next of kin; and if any person shall raise any question or make any objection thereto, he or she shall not share in any part of my residuary estate."

By these provisions the beneficiaries who are to receive the residuary estate are clearly defined. The doubtful feature is the amount each is to receive. This the testator left to the discretion of the executor.

The appellant relies on *Reynolds* v. *Reynolds* (224 N. Y. 429) and *Holland* v. *Alcock* (108 id. 312).

In the *Reynolds* case the will provided: " I do hereby give and

bequeath to my said Executor all of the personal property (of) which I may die possessed and which I may own at the time of my death in trust, however, and for the purposes of paying out and disposing of same as I have advised and directed him to do."

It was said in that case: " The question is whether the testamentary provision thus made is valid. Wills must be executed in compliance with statutory formalities, and are not to be enlarged or diminished by reference to extrinsic testimony which may not be authentic. *   *   *

" The total failure to designate the beneficiaries of the trust in the will makes it to that extent an unwritten will, ineffectual for any purpose. *   *   * The death of the executor prior to the establishment of the trust would leave the court wholly without power to distribute the fund in accordance with testator's wishes." (Id. p. 432.) *Holland* v. *Alcock* (*supra*) is to the same effect.

In *McLean* v. *McLean* (174 App. Div. 152), however, it was held that a power similar to the one now under consideration was valid. If the executor who has been given the power should die or should be unable or should refuse to act, the court could divide the residuary fund between those mentioned as beneficiaries.

When it appears that the court can carry out the wishes of the testator by executing the trust or power, the provisions should be given effect.

In *Morgan* v. *Sanborn* (225 N. Y. 454) it was held that an agreement is valid and enforcible under which a childless husband and wife execute wills giving all their property to each other, the survivor to execute a will disposing of the entire property constituting both estates by distributing the same among the next of kin of the husband and wife, the distribution to be made in sums according to the judgment of the survivor. In that case the court said: " The distribution ' in sums according to the judgment of the survivor,' does not fairly imply that each of the next of kin must receive something even if an unsubstantial amount. Clearly such was not the intent of the parties to this agreement. That such is not thought to be the intent, under somewhat similar circumstances, is shown by the adoption by the Legislature of section 158 of the Real Property Law (Cons. Laws, chap. 50) [which provides] ' Where a disposition under a power is directed to be made to, among, or between, two or more persons, *   *   * when the terms of the power import that the estate or fund is to be distributed among the persons so designated, in such manner or proportions as the grantee of the power thinks proper, the grantee may allot the whole to any one or more of such persons in exclusion of the others.' What was sought was the intent of the grantor of the

power, and this rule was finally reached as the true expression of that intent.''

In the present case the surrogate said: '' Section 158 of the Real Property Law contemplates the creation of a power under the terms of which the grantee may distribute property to persons in the manner or proportion as he thinks proper.'' (Citing *Morgan* v. *Sanborn*, 225 N. Y. 454; *McLean* v. *McLean*, 174 App. Div. 153.)

The surrogate further held that by the terms of the '' ninth '' paragraph the executor has the power to distribute the residuary estate to any or all of the persons named in the will in such shares or amounts as he shall in his discretion determine, giving preference to testator's nearest blood relatives. The surrogate thought that the grantee of the power in trust may distribute the residuary estate to any or all of those mentioned in the first eight paragraphs of the will. (123 Misc. 72.)

The testator provided, however, that a preference must be given to his '' nearest blood relatives.'' If nothing is given to those nearest to him in blood then such a preference is not given.

It does not seem to us that the grantee of the power can eliminate any one of those mentioned in the first eight paragraphs of the will, whether or not related to the testator by blood; and we believe that those so related to the decedent must receive as much if not more than those who are not.

The question also arises as to the right of the executor, who is named in one of the eight paragraphs as a legatee, to determine how much he will receive.

In *Rogers* v. *Rogers* (111 N. Y. 228), in a somewhat similar case, it was said: '' Two questions, and only two, are, therefore, presented by this appeal: *First*, whether Mrs. Rogers, being beneficiary, could also act as trustee; and *second*, whether the orders directing the mortgages were legal and valid.

'' The will did not attempt to unite in the same person the office of trustee and the interest of beneficiary. Its terms associate with the executrix four other persons as executors and to the five, or such of them as should qualify, the residue was given in trust. The widow could act freely as to the beneficiaries other than herself, and as to herself four remained who could exercise the control and judgment improper for her. Trusts thus constituted are quite common, and although the trustees other than the beneficiary may die or decline to act, the court has power to supply their place, or, if need be, take upon itself the execution of the trust, so far as it ought not to be executed by the trustee who is also beneficiary. In this case the emergency happened. The four executors refused to qualify, and Mrs. Rogers became sole executrix, and that raised

the question upon which the Special Term passed, not of the validity of the trust in its creation, but how it could or should be executed in view of the emergency which had arisen. The court substituted its own discretion for that of the trustee. Through its own officers it inquired into the facts, and dictated in detail all that should be done. It might have appointed a new trustee, but having itself exercised all the discretion reposed anywhere, it might direct the mere formal act of giving the mortgage and distributing the money in the proportions dictated to Mrs. Rogers, for the amount going to her was fixed, and that set apart for the minors she could properly apply. We discover no error in the ruling in this respect."

The donee of the power must either waive all right to take under the residuary clause or else refuse to act as such trustee. This, however, is a matter to be disposed of by the Surrogate's Court.

The decree should be affirmed, with costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Decree affirmed, with costs.