In the Matter of the Estate of EVA ANNA CROUNSE, Also Known as EVANNA CROUNSE, Deceased.

Surrogate's Court, Albany County, July 19, 1938.

*Bernard Fribush* [*Henry S. Kahn* of counsel], for William G. Crounse, petitioner.

*William A. Glenn* [*Michael D. Reilly* of counsel], for the contestants.

ROGAN, S. Among the objections filed to the writing propounded as the last will and testament of this decedent are that it was adeemed and revoked by a separation agreement executed by the decedent and her husband, the petitioner herein, on November 9, 1926, and that the paper offered for probate is invalid and illegal as a last will and testament in respect to real and personal property by reason of said separation agreement, it being claimed that the execution of the separation agreement constituted a revocation of the will under section 40 of the Decedent Estate Law. Proponent thereupon moved for an order striking out objections numbered First and Third in each of the answers interposed on the grounds they are insufficient in law and not properly interposed in this proceeding. Proponent also seeks an order requiring Jennie L. G. Schoonmaker, one of the contestants herein, a nonresident, to give security for costs.

Frederick A. Bloomingdale, another of the contestants herein, has also moved the court for an order dismissing the petition for the probate of the paper propounded on the ground that the petitioner is not a person interested in the estate and has no status to maintain this proceeding.

Section 34 of the Decedent Estate Law relates to the revocation and cancellation of written wills. Such section reads as follows: " Revocation and cancellation of written wills. No will in writing except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, cancelled, obliterated or destroyed, with intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses." It is, therefore, apparent that before a will may be considered annulled or revoked section 34 of the Decedent Estate Law must be literally complied with. (*Matter of McGill*, 229 N. Y. 405; *Matter of Evans*, 113 App. Div. 373; *Matter of Logasa*, 161 Misc. 774; *Matter of Mortensen*, 157 id. 717.) A careful reading of the separation agreement fails to disclose an intent to revoke the will.. No reference whatever is made to the testamentary instrument throughout the whole document, nor is there any language in the same susceptible of being understood as a revocation of the will offered for probate. In *Matter of Evans* (113 App. Div. 373) Judge

JENKS wrote: "The statute dealing with revocation is plain. * * * It specifies the acts which may work revocation and in effect declares that there is no other way. The authorities are clear and uniform that revocation can only be made pursuant thereto. * * * I know of no principle that justifies a court to apply a statute beyond its interpretation and construction on the ground that its application would prevent injustice in a specific instance. Legislative limitations or omissions do not constitute a court as a curative legislature." This doctrine was affirmed in *Matter of McGill (supra)* and *Matter of Logasa (supra)*.

The courts in this State do not recognize the doctrine of implied revocation, and it is obligatory upon the court to admit an instrument to probate unless it be clearly shown that the will was subsequently revoked in the manner authorized by statute. (*Matter of Mortensen, supra.*) The fact that the parties entered into a separation agreement subsequent to the execution of the will does not and can not effect a revocation unless by its terms it expressly declares an actual and absolute revocation. As the agreement between the parties shows an absolute failure on its face to comply with the statute relating to the revocation and cancellation of wills (Dec. Est. Law, § 34), and as such agreement has been incorporated in said objections, it follows as a matter of law that objection numbered First is insufficient in law and not properly interposed in this proceeding, and it will be ordered stricken out.

The Third objection to which the motion of proponent is directed alleges a revocation of the will in accordance with section 40 of the Decedent Estate Law. On reading this section it is apparent that it does not apply to the revocation of a will in its entirety. It refers only to devises and bequests contained therein and has nothing whatever to do with the genuineness of the will and the validity of its execution. (Surr. Ct. Act, § 144.) The provisions of this section look only to the formal validity of the will's execution, and it is immaterial that the will, if probated, may be wholly inoperative by reason of the invalidity of its provisions or of subsequent events making it ineffective. (*Matter of Higgins*, 264 N. Y. 226.) If the will was properly executed in due form of law and by a competent testator, a mere alteration, as contemplated by section 40 of the Decedent Estate Law, can not be permitted to work revocation of the whole will. (*Vandemark* v. *Vandemark*, 26 Barb. 416.) As the objections stated in paragraph marked Third of contestants' answers can not be considered in this proceeding for any purpose other than to show a revocation of the whole will, and as the separation agreement fails to establish the same, the motion of proponent will be granted and the objection

stricken out as wholly insufficient to raise a contested issue. (*Matter of Davis*, 182 N. Y. 468; *Matter of Lally*, 210 App. Div. 757.) It is not for this court to determine in this proceeding, whatever may be the rights of the various parties in decedent's property by reason of the execution of the separation agreement between deceased and proponent, because section 144 of the Surrogate's Court Act makes it obligatory upon the surrogate to admit to probate the last will executed by the testator in point of time, provided such will was executed in accordance with the statute, and limits the matters to be considered to those set forth in this section. (See, also, Dec. Est. Law, § 21.)

The motion of Frederick A. Bloomingdale to dismiss the proceeding on the ground that petitioner is not a person interested in the estate and has no status to maintain this proceeding is denied. Section 139 of the Surrogate's Court Act provides who may petition for the probate of a will. Among those mentioned is a person designated as a devisee or legatee. Proponent answers such description. Even though it should be determined that the legacy and bequest to proponent was revoked as to him by the execution of the separation agreement, he would, as a surviving spouse, retain his identity as a " person interested in the estate," and under the section might propound the will for probate. It is not denied that proponent is the surviving spouse of decedent.

In the exercise of discretion, security for costs will not be required of Jennie L. G. Schoonmaker.