## In the Matter of the Estate of LOUISA HERLE, Deceased.

Surrogate's Court, Kings County, October 7, 1938.

*Henry Schoenherr*, for Emilie Weinmann and others, contestants, for the motion.

*Louis Lorence*, special guardian for unknown distributees and for Wayne and Betty Gruber, infants, for the cross-motion.

*Leo Koenig*, for Carl Flickinger, contestant, joining in both motions.

*Thomas Cradock Hughes*, for Eugenie Schindler, proponent.

WINGATE, S. The issue on the present motion is as to the degree of particularization of pleadings which may be required from one petitioning under the provisions of section 143 of the Surrogate's Court Act, to probate an alleged will as one lost or destroyed. Neither the diligence of counsel nor the independent research of the court has disclosed any precedent in this State in which this question has been decided.

So far as is presently material, the petition, which is made by one claiming to be a legatee under such alleged lost or destroyed will, reads as follows:

" Upon information and belief that said last Will and Testament was made at the Borough of Brooklyn, City of New York and relates to both real and personal property, and bears date the 5th day of February, 1931 and was signed by George H. Jackson

and Doane S. Guardenier and was in existence at the time of the death of said testatrix.

" Upon information and belief that the said last Will and Testament of said testatrix has been lost or destroyed by accident and that the facts concerning the loss of said will are as follows: That subsequent to the making and execution of said last Will and Testament which occurred on the date hereinbefore mentioned at the offices of the Title Guarantee & Trust Company in Brooklyn, New York, in the presence of the witnesses hereinbefore named, the testatrix brought the said will to her home at 292–12th Street, Brooklyn, New York, and kept it therein until the Spring of 1932 when testatrix, having become alarmed over attempts by unknown persons to burglarize her home at said address, brought the said last Will and Testament to Doane Guardenier one of the witnesses thereto and who at that time was employed in the said offices of the Title Guarantee & Trust Company in Brooklyn, New York, and delivered the said will to said Doane Guardenier for safe keeping and the testatrix thereafter did not have said will in her possession or access to it. Since the death of the testatrix diligent search has been made for said Last Will and Testament but it cannot be found."

Simultaneously with the filing of the original petition for probate, which has been superseded by the amended petition from which the foregoing excerpt was extracted, there was also filed a paper in the form of a will, typewritten on a commercial blank form bearing the typewritten name of this decedent in the place where the signature of a testator is usually placed and the typewritten names of Doane S. Guardenier and George H. Jackson at the end. At the top of the first page appears the word " copy." The document appears to be an original typewritten imprint and not a carbon copy.

There is no allegation incorporated in the petition which identifies the document so filed with that probate of which is sought other than the noted descriptions of the date of execution and the names of the purported testatrix and witnesses. Even such identification is merely inferential.

One of the named respondents and the special guardian for certain infants, and for unknown distributees find great fault with the adequacy of allegations of the petition and seek particularization thereof to the extent of some 108 identified items.

As it would not be feasible to review these demands in detail in a decision of reasonable length, the court will confine itself to a statement of the general principles which it deems applicable to a proceeding of this variety and, based thereon, will make concrete rulings as to the extent of the particularization which, in its estimation, may reasonably be required in the present instance.

The proponent of a will which was either in existence at the time of the testator's death and was subsequently lost or destroyed or which suffered such fate during his lifetime without his consent, is faced, in essence, with a triple task. He must first establish to the satisfaction of the surrogate that a document duly executed as prescribed by section 21 of the Decedent Estate Law actually came into existence. He must then demonstrate either that it was in existence at the time of the death of the testator or that it was " fraudulently " destroyed in his lifetime, and finally, he must " clearly and distinctly " prove its contents. The first of these requirements is specified in section 144 of the Surrogate's Court Act. The last two are contained in section 143.

The basic requirement of any pleading is that it " shall contain a plain and concise statement of the facts constituting the claim * * * and a demand for the * * * relief, to which the party supposes himself to be entitled " (Surr. Ct. Act, § 49), the latter being analogous to the " Q. E. D." which is the familiar conclusion of a child's problem in geometry. As a basic matter, all which the preliminary statement need contain is an enumeration of the basic facts, as distinguished from conclusions, which, upon an application of pertinent rules of law, will lead to the result desired. In certain situations portions thereof may be implied from other allegations or from the composite demonstration. In others, express allegation is essential.

In the customary probate of a will, where the document itself is produced and filed with the petition, the ordinary allegations of the formal petition, when read in conjunction with the propounded document are usually sufficient to inform the respondents of the essential position of the proponent, since the purported will itself supplies the background of the proceeding. Where, however, as in a lost will proceeding, this essential basis is lacking, the respondents are entitled, so far as practicable, to a substantial equivalent in the statements of the petition of that which would have been apparent to them upon inspection of the document.

It is to be recalled that the " provisions " of a lost will are to be proved " clearly and distinctly " either by two credible witnesses or by one such witness in addition to a correct draft or copy of the instrument itself. This demonstration is not to be confused with the requirement of section 141 of the Surrogate's Court Act respecting the manner of proof of the due initial execution of the document itself but is a substitute for the production of the instrument in those instances in which the adoption of such course is permissible.

The act of probate is the legal establishment, as executed in the manner required by statute, of a paper writing, the legal consequences or devolutionary effect of which are at the moment wholly

immaterial. (*Matter of Merriam*, 136 N. Y. 58, 60; *Matter of Higgins*, 264 id. 226, 229; *Matter of Davis*, 182 id. 468, 475; *Matter of Hermann*, 178 App. Div. 182, 191; affd., 222 N. Y. 564; *Matter of Lally*, 210 App. Div. 757, 760, 761; *Matter of Webb*, 122 Misc. 129, 133; affd., 208 App. Div. 793; *Matter of Lawler*, 123 Misc. 72, 73; affd., 215 App. Div. 506; *Matter of Enright*, 138 Misc. 853, 856; *Matter of Mihlman*, 140 id. 535, 538; *Matter of Holmes*, 147 id. 394, 398; *Matter of Mortensen*, 157 id. 717, 722; *Matter of Tankelowitz*, 162 id. 474.) It is the paper, which is thus probated, but although it must obviously have writing thereon to make it admissible to probate, this, for immediate purposes, is an immaterial circumstance.

In view of this fact, such paper should be identified by the proponent with as great particularity as the circumstances of the case may permit. A situation is difficult to imagine in which the requisite clear and distinct proof could be adduced from one who had not himself seen the document and, in the interest of the prevention of fraud, it is not too much to require that such witness should be required for the benefit of all parties alike to state in detail the picture created in his mind of the document, in the establishment of which he is to aid, and that this mental picture should be incorporated in the petition.

The foregoing applies to the initial step of the petitioner's threefold task. The second concerns a demonstration that his situation is within the provisions of section 143 of the Surrogate's Court Act authorizing probate of the alleged will as one lost or destroyed. Such method of probate is permissible in alternative situations, namely, *first*, where the will was in existence at the date of death of the testator, and *second*, where it was fraudulently destroyed during his lifetime. In so far as particularization is possible, the petitioner should state upon which of these two grounds he elects to stand. In certain situations this may not be possible, as where it is asserted that the will was delivered to a third party, not redelivered to the testator and that search therefor by the person to whom it was delivered, or in his effects, was made after the testator's death and it was not found. In such a situation, however, the respondents are entitled to be apprised in respect of the facts upon which the petitioner relies to bring himself within the terms of the statute.

The last step in the demonstration respecting proof of the contents of the will is purely evidentiary. This may be established either by two credible witnesses or by one such witness and a correct copy or draft. As in other evidentiary matters, the pleading should not be required to state the manner in which this element of relief is to be proved or the names of the witnesses from which the relevant testimony is to be adduced. (*Smith* v. *Anderson,* 126 App. Div.

24, 26; *Wilson & Baillie Mfg. Co.* v. *Dumary*, 140 id. 838, 839; *New York Terrace Estates, Inc.,* v. *Richmond Development Co.,* 224 id. 765; *Ferro* v. *Steeplechase Amusement Co.,* 228 id. 828.)

The concrete rulings on the several demands of the two respondents are as follows: Weinmann, " 18 " is granted except in so far as it demands names and addresses, " 9 " to " 11," inclusive, " 16 " and " 19 " to " 23," inclusive, are granted to the extent indicated in the foregoing opinion as are so much of " 4 " as seeks information as to whether the instrument was written by hand or typed and the name and type of the machine on which it was typed, if typed, and all of " 13 " except the time of day. All other demands are denied. As to the demands of the special guardian, " 4 " and " 20 " are granted; " 1 " to " 3," inclusive, " 10 " to " 12," inclusive, " 14," " 24 " and " 26 " to " 29," inclusive, are granted to the extent indicated in the foregoing opinion, as are " 15 " to " 17," inclusive, and " 31 " except as to subdivisions " a " and " b " in each of the first three enumerated demands, and " c " in the last.

All others are denied, " 30 " as being repetitive of others.

In the event that the petitioner is unable in any respect to supply the information required, a sworn statement to that effect may be substituted in lieu thereof.

Enter order on notice in conformity herewith.