In the Matter of the Accounting of New York Trust Company, As Executor of Helena M. Babbage, Deceased.

Surrogate's Court, New York County, June 14, 1951.

*Harry N. French* and *Donald G. McGallion* for executor, petitioner.

*Edward V. Loughlin,* special guardian for Kate Young and others, infants, respondents.

COLLINS, S. The accounting executor asks a construction of the will. The petition asks the court to determine (1) that the property bequeathed in article thirteenth vests in Louise S. Pearson (referred to in the will as Pierson) individually and without any fiduciary obligations on her part, and (2) that with respect to the legacies to Kate Young, the will vests ownership in her but constitutes Archer E. Young a custodian during her minority without requiring his appointment by the court or the filing by him of any security.

Article thirteenth reads: " I give and bequeath the sum of thirty thousand dollars ($30,000.00) to Louise Sanford Pierson, to be used by her in promoting the welfare of her children, Victoria, Laura Louise and Theodore." The three children are infants of the ages, respectively, of sixteen, thirteen and ten years.

The will bequeaths to Kate Young certain articles of jewelry and one of the equal shares of the residue. Article eighteenth reads: " By the Eleventh Article of this my Last Will and Testament I have bequeathed my two (2) gold bracelets and my aquamarine and diamond pendant to Kate Young, the daughter of Archer Young, and in the Fifteenth Article I have bequeathed one (1) part of my residuary estate to her. Since she is an infant and unlikely to have reached her majority before my death, and in order to avoid the necessity of having a guardian of her property appointed to receive these bequests, I direct my Executor to pay over and deliver these bequests to Archer Young, her father, to be used by him in promoting the welfare of Kate Young."

With the exception of one cousin who receives one share of the residue, all of the beneficiaries in the will of Mrs. Babbage

appear to be merely friends and employees. Neither the Pearsons nor the Youngs are related to the testatrix. All of the other gifts in the will are outright gifts, without any qualification or condition.

The court is unable to concur in the construction that the gift to Mrs. Pearson is absolute and that the words " to be used by her in promoting the welfare of her children " are merely precatory. The words used by the testatrix are not precatory in character. She did not attempt to express a wish, desire, hope, request or recommendation. Her words are imperative in character. Title indeed is given to Mrs. Pearson but the bequest is coupled with the clear mandate that the money " be used by her in promoting the welfare " of her three named children. She is granted a broad discretion in using the money, limited only by the general standard fixed by testatrix, but she plainly has no authority to use it for any purpose unconnected with the welfare of her children.

If there were any doubt of the intent of the testatrix from a reading of the thirteenth article alone, it is wholly dissipated when that provision is read with the eighteenth article. In both provisions she uses the identical text " to be used by her [or him] in promoting the welfare " of the beneficiaries. It is true that in one case, title is vested in the beneficiary while in the other case it is vested in the fiduciary. Yet the identical text employed in prescribing the use of the moneys indicates plainly an intent to benefit the infants exclusively in both cases even though the mechanics of administration differed slightly.

It is elementary, of course, that a trust is created only if the testator or settlor manifests an intention to create a trust. The presence or absence of the words " trust " or " trustee " are not the decisive factors. The question is not whether the draftsman was thinking in terms of a technical trust nor whether she was attempting to give any particular name or label to the relationship being created. " The question is whether the settlor manifested an intention to impose * * * upon a transferee of the property equitable duties to deal with the property for the benefit of another person." (1 Scott on Trusts, p. 147; see, also, *Matter of Leonard,* 218 N. Y. 513, 520, and *Striker* v. *Daly,* 223 N. Y. 468, 472.) That is precisely what the testatrix intended to do in article thirteenth. Property was bequeathed to one person for the use and benefit of named individuals. A trust is thereby imposed and the taker holds it in trust for the purpose specified (*Smith* v. *Bowen,* 35 N. Y.

83, 86; *Johnson* v. *Johnson,* 215 Mass. 276; 3 Pomeroy on Equity Jurisprudence [5th ed.], p. 1023).

The court therefore holds that Louise Sanford Pearson takes the fund as trustee for the purposes stated in article thirteenth of the will.

The parties are agreed that Kate Young is vested with ownership of the assets bequeathed to her. Petitioner regards the father of the infant as a mere custodian who administers the fund without being answerable to this court or any court for his administration of it. What the testatrix has done is to give title to the infant and broad powers of management to the infant's father. He has authority to use income and principal for the purpose stated in the will. He is therefore given powers in trust over the property (Real Property Law, § 131). The distinguishing features of a trust power have been stated thus: '' In a trust power, as distinguished from a trust, the legal title is vested, not in the trustee, but in a third person, and the trustee has authority to convey or dispose of the property to or for or among the beneficiaries.'' (3 Pomeroy on Equity Jurisprudence [5th ed.], § 1002.)

Petitioner assumes that the only jurisdiction of this court over a donee of a power in trust is that conferred by section 194-a of the Surrogate's Court Act, which relates to a power in trust which results from an ineffectual attempt by will or deed to appoint a guardian of an infant. That section does not confer a new jurisdiction over such donees. The purpose of that statute was to give the Surrogate's Court *express* jurisdiction over such persons and to place them under the same supervision and subject to the same duties and responsibilities as a general guardian. (*Matter of Biederman,* 186 Misc. 625, 627.) It expressly makes such donees subject to all the provisions of article 10 of the Surrogate's Court Act. That section has no application here. Long before that section was enacted, it was held that a court of equity has authority to control the exercise of a power in trust. (*Martin* v. *Martin,* 43 Barb. 172, 186; power of sale.) The validity and effectiveness of the exercise of a power must be determined by the court which has jurisdiction over the instrument creating the power. (*Matter of Crosby,* 136 Misc. 688.) The Surrogate's Court has long enjoyed general jurisdiction to '' administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising * * * between any party and any other

person having any claim or interest therein \* \* \* as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.'' (Surrogate's Ct. Act, § 40.) Such power necessarily includes authority to prevent one to whom property is entrusted by its decree from using the property in a manner not authorized by the power in trust. Whether the donee is to accept the property subject to the power or shall refuse to act as donee of the power are matters to be disposed of in this court and in this decree. (*Matter of Lawler,* 215 App. Div. 506, 511.)

The sole question now at issue is whether the father of the infant takes the property individually free of any future judicial control over the exercise of the power or whether he takes it as donee subject to judicial supervision, if necessary, in an appropriate proceeding. Whether or not any court will be required to exert any control over the acts of the donee or to what extent, are questions not now before the court. A court will not, of course, substitute its discretion for that of the donee. All that the court is now required to decide is that if he consents to act as donee, an improper exercise of his powers is not beyond the authority of a court of equity to correct, and that this court has such jurisdiction. If he consents to act as donee, his consent must be evidenced in the usual manner and he must qualify in the usual way.

With respect to the exaction of security from the donee of the power, the court is of the opinion that the text of the will requires none. The testatrix has expressly directed that the subject matter of the legacies be paid over and delivered to him. The executor has no fiduciary duties respecting such property after possession has been delivered pursuant to court decree, nor can the executor attach conditions to delivery which the testatrix has not specified, at least in the absence of a special showing of impending danger or loss (*Matter of von Kleist,* 265 N. Y. 422, 429; *Matter of Merritt,* 182 Misc. 1026). Moreover, the will indicates an intent to grant possession without the ordinary limitations incident to administration by a guardian.

The compensation of the attorneys for the executor has been fixed.

Submit decree on notice construing the will and settling the account accordingly.