S. Samuel Di Falco, S.
In this proceeding for the probate of the decedent’s lost or destroyed will, a trial was had on the following framed issues: (1) was the paper writing offered for probate herein subscribed by the decedent in Germany and if so when; (2) is the writing offered for probate herein a true copy of said instrument; (3) was the original paper document duly executed in accordance with the laws of Germany; (4) was the execution of the said paper offered for probate caused or procured by the exercise of force upon the said decedent; (5) was the said paper fraudulently destroyed by any person or persons and when did the destruction take place; (6) was the said paper revoked by the testator in his lifetime.
The facts briefly stated are these: The decedent was the recipient and life beneficiary of the income of a trust created under the will of one Bertha Foster who died in 1924 a resident of the County of New York. Under the trust provision of her will she gave the said decedent a power of appointment of the remainder of the trust which, if not exercised, would go to his next of kin as in intestacy. On October 1, 1939, the decedent executed a holographic instrument in which he exercised his power of appointment in favor of the petitioner. It is alleged that this was done because of the fear in the mind of the decedent that *774 the said fund would be seized by the German authorities because his sons and wife were German nationals and that the testator’s intention was to give it to the petitioner, a United States citizen who was to hold the said fund in trust for the decedent’s wife and children. The instrument was delivered to the decedent’s son, a Dr. Frank Fox, who in turn deposited it with one Dr. Walter Stange, a notary for safekeeping. Dr. Stange’s office was bombed and the instrument was destroyed on or about January 30, 1944. Upon the death of the testator in 1946 the trust terminated and the distributees of the trust are still unresolved, Objections are made to the probate of this lost instrument by one of the sons of the decedent on the ground that the said decedent was forced to execute said instrument because of his fear of the seizure of the fund by the German government; that the said instrument was revoked by the testator during his lifetime; and that the petitioner herein was designated by the testator only for the purpose of receiving said fund as a trustee for the benefit of the decedent’s three sons, until such time as they would be free to receive same from the Governments of the United States and Germany. The United States Government objects to the probate of the lost instrument on the ground that by virtue of a vesting order No. 1043 dated March 8,1953 issued under the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 et seq.), all rights in said fund have vested in the United States Government,
At the outset of this trial this court stated and again repeats that the only issue before this court at this time is whether or not the alleged lost instrument is properly admissible in this court as the last will and testament of the decedent. The ultimate decision as to who will get the fund is not as yet before this court.
Much of the testimony introduced in the cross interrogatories of Dr. Frank Fox is inadmissible. However, even if the court were to give full weight to the testimony offered on behalf of the objectants it would still be forced to the following conclusion. The answers to the framed issues (1), (2), (3) and (5) must be made in the affirmative. The answers to (4) and (6) of the framed interrogatories must be made in the negative. There clearly emerge from all of the testimony these salient facts; that the lost instrument offered for probate was properly and validly executed by the decedent under the laws of Germany, in Germany, on October 1, 1939; that the said instrument was destroyed in a bombing raid which took place on January 30, 1944; that the execution of the said instrument was not procured by force and that the said instrument was not revoked by the *775 testator in his lifetime. The burden of proof as to the revocation of the instrument rests squarely upon the objectant. (Matter of Smith, 161 Misc. 194; Matter of Berman, 185 Misc. 1037.) The objectants have failed to meet this burden of proof. The only evidence adduced before this court is that the testator knew of the destruction of the will and that he intended to make a new will. This does not constitute a revocation of the will under the laws of this State nor in the opinion of the court would it constitute a revocation under the laws of Germany (Matter of Crounse, 168 Misc. 359).
As to the question of force, this court has before it no evidence which would indicate that the testator did not voluntarily and freely execute said instrument. The testimony as to what he may have had in mind at the time the instrument was executed and as to why the instrument was executed does not constitute evidence of force but instead displays an intention on the part of the testator to circumvent the laws of Germany and if the objections are properly read, the laws of the United States which the testator contemplated would be put into effect at a later date.
As previously stated, the question as to who will be the ultimate distributee or distributees of this fund is not now before this court. The only question being decided at this time is whether the alleged lost will is the last will and testament of the decedent and as such is it admissible to probate in this court. (Matter of Pascal, 309 N. Y. 108; Matter of Crounse, 168 Misc. 359, supra; Matter of Lawler, 123 Misc. 72; Matter of Davis, 182 N. Y. 468; Surrogate’s Ct. Act, § 144.)
Because of all the foregoing, this court finds that the decedent properly executed a last will and testament which has been lost or destroyed accidentally; that the said instrument was not revoked during the testator’s lifetime and is admissible to probate in this court as the last will and testament of the decedent.
Submit decree on notice accordingly.