Joseph A. Cox, S.
In this proceeding to settle his account as trustee under article V of the decedent’s will, a construction has been requested as to the meaning' and effect of article VI of the said will and instructions as to the propriety of making distribution thereunder. The text of article VI reads as follows: “ VI. The rest, residue and remainder of my estate. I give, devise and bequeath to the Boston Safe Deposit and Trust Company, a corporation organized under the laws of the Commonwealth of Massachusetts and having a usual place of business in Boston, County of Suffolk, said Commonwealth, as it is Trustee of the Permanent Charity Fund under an Agreement and Declaration of Trust dated September 7, 1915, the trust fund hereby established to be known as the ‘ Sybilla Mittell Weber Endowment ’, to be held and administered upon the trusts of said Agreement and Declaration of Trust and the income thereof to be applied for the endowment of beds in a semi-private ward for tubercular and/or cancerous patients in the Lenox Hill Hospital at Park Avenue and 76th Street, New York City # * * J J
There is no doubt in the mind of the court that a valid testamentary trust has been created by the testator for charitable purposes. All the requisite elements of a trust are present. The fund, the decedent’s residuary estate, is clearly delineated. The testamentary trustee, the Boston Safe Deposit & Trust Co. is named and the charitable recipient and purposes of the trust are clearly defined. (Brown v. Spohr, 180 N. Y. 201; Matter of Babbage, 201 Misc. 750; Matter of Shelley, 50 N. Y. S. 2d 570; Matter of Frasch, 245 N. Y. 174; Matter of Durbrow, 245 N. Y. 469; Personal Property Law, § 12; Matter of Guggenheimer, 168 Misc. 1.)
There is also no question in the mind of the court that the incorporation by reference contained in the clause is valid under the prior rulings of our courts (Matter of Rausch, 258 N. Y. 327; Matter of Ivie, 4 N Y 2d 178; Matter of Guggenheimer, supra).
*292 The nub of the question raised by the Attorney-General and presented for determination is whether the testamentary trustee named herein may take the fund without qualifying as a testamentary trustee as required by the provisions of the Surrogate’s Court Act. Section 171 of the Surrogate’s Court Act clearly provides that the provisions of the act apply to a trust created by the will of the resident of the State. Section 167 of the Surrogate’s Court Act provides for the manner in which a testamentary trustee shall qualify.
From that section it would appear that the Boston Safe Deposit & Trust Co. in order to qualify as a testamentary trustee in this jurisdiction must file a consent and bond and designate the Clerk of the Surrogate is Court as receiver of process. The Boston Safe Deposit & Trust Co. is not exempted by the section from filing a bond as the exception in the section refers only to banking institutions qualified and licensed under the Laws of the State of New York (Banking Law, § 2, subd. 2; § 100-a, subds. 5, 7). Granting that this court in its discretion might permit the Boston Safe Deposit & Trust Co. to qualify without filing a bond it would still be necessary for it to file a consent and the designation of the Clerk of the court to receive process. The provisions of section 131 of the Banking Law are also applicable and under that section a foreign corporation which seeks or proposes to act in any fiduciary capacity in this State must file its qualification in the Surrogate’s Court of this State and also file a consent appointing the Clerk of the said court as its true and lawful attorney upon whom process may be served in any action or proceeding against the said fiduciary. The section also requires the said fiduciary to file with such Clerk a copy of its charter certificate under its corporate seal and to execute and file in the office of the Superintendent of Banks a written instrument appointing the Superintendent its true and lawful attorney upon whom all process in any action or proceeding against the said fiduciary may be served.
The - cases relied upon by the petitioner and the respondent Boston Safe Deposit & Trust Co. are not applicable to the present proceeding. In Matter of Ivie (supra), the court had under consideration distribution of funds made by a New York testator to a foreign trustee for the benefit of a foreign charity. In the case at bar a foreign testamentary trustee has been appointed to administer a trust for local charitable purposes. To permit the said .trustee to withdraw the funds from this jurisdiction and thus forever foreclose this court from jurisdiction over such trust funds is contrary to the provisions of the Surrogate’s Court Act and the Banking Law and cannot *293 be allowed. The decedent was a resident of New York and the objects of her bounty were indigent patients in a New York hospital. It is the duty of this court to maintain jurisdiction and control of the fund to be administered for the designated charitable purposes.
The court therefore holds that unless the foreign trust company designated as testamentary trustee under the decedent’s will is willing to qualify as such in accordance with the provisions of the Surrogate’s Court Act of the State of New York, it will appoint such other resident corporate trustee as may be suggested by the parties.
Proceed accordingly.