Joseph A. Cox, S.
The testator bequeathed one quarter of his residuary estate “ absolutely ” to certain children of his niece Adele Wohl, which children have been identified as Leslie Wohl, an infant of 15 years, and David Wohl, an infant of 12 years, and the testator bequeathed another one quarter of his residuary estate to the children of his niéce Barbara Goldstein, which children have been identified as Peter Goldstein, an infant of 14 years, Nancy Goldstein, an infant of 12 years, and Jon Goldstein, an infant of 10 years. The will directs the executors to act as trustees without bond for any and all infant beneficiaries during their minority with power to make payment of income or principal to the parent or guardian of any such minor or to apply funds for the benefit of any such minor. In view of this provision of the will, the executors have applied for letters of trusteeship.
The bequests under this will are to the identified infants and, under the explicit language of the will, the infants are vested with ownership of their respective shares of the residuary estate. The executors are granted certain authority with regard to these bequests and, thereby, powers in trust were given to the individuals who are the executors. (Matter of Babbage, 201 Misc. 750; Matter of Shulman, 138 N. Y. S. 2d 646.) The text of the will does not create trusts and does not evidence that the testator contemplated testamentary trusts. “In a trust power, as distinguished from a trust, the legal title is vested, not in the trustee, but in a third person, and the trustee has authority to convey or dispose of the property to or for or among the beneficiaries. ” (3 Pomeroy, Equity Jurisprudence [5th ed.], § 1002.)
The application for letters of trusteeship is denied but the individuals named as executors are in a position to qualify as donees of powers in trust. Upon each duly qualifying in this capacity, a certificate of authority will be issued and, by reason of the direction of the will, security will not be required.