John M. Keane, S.
John R. Duff was a kind, beloved and respected high school teacher for many years in Binghamton. While confined to the hospital in midsummer of 1964, for abdominal surgery, he wrote in his own hand the document which shortly thereafter was admitted to probate as his last will and testament. While some legal questions have arisen concerning this document, the contents in general show the depth of generosity of John R. Duff.
His gross estate was just over $100,000. He gave $5,000 to a first cousin, his only living relative; $1,000 to a minor son of an employee who had been of assistance to him in his work; $1,000 to his elderly landlady; $1,000 to a friend who was named as one of the executors, and $1,000 to two other friends for the education of their minor daughter. The balance of his estate was left to two churches, one in Binghamton and one in Buffalo, of which he had been a member during his lifetime.
In the preparation of his will and its execution, John R. Duff did not have the benefit of legal counsel. As a result, this court must determine what was meant when he directed his executors: “ to leave * * * 3. An amount of $1,000.00 *971 to Mr. and Mrs. Howard Gr. Roe to be used in the education of their daughter Carol.”
Another question related to this clause exists because Howard GL Roe and (Mrs.) Kathryn Roe were witnesses to the will, as well as J. Edgar Hyatt, a friend, to whom he left $1,000. Finally, he named Mr. Roe and Mr. Hyatt as his executors.
The will was admitted to probate on the testimony of Howard Gr. Roe and (Mrs.) Kathryn Roe, but the question of the legacy to J. Edgar Hyatt depends on the disposition of this contraction proceeding.
This is no time for the court to indulge in one of those speculative inquiries concerning “ What did the draftsman intend? ” When a will is prepared by an attorney, the court ordinarily can assume that he comprehended the meaning of the language used. Here the court must ascertain what the lay draftsman meant as he penned these four letter-sized sheets in a strong firm hand prior to his operation which turned out to be terminal.
John R. Duff had no difficulty in making absolute bequests. One bequest of $1,000 was to a minor absolutely, the son of an employee who had been helpful to him in his work. Had he intended to do this for Carol Roe, he could have done so. Therefore, the bequest made by the language quoted above is not an absolute bequest to Carol Roe. In deciding that the bequest is not absolute, there is ruled out the possibility that Mr. and Mrs. Howard Gr. Roe are to receive the funds as the donees of a power in trust for the benefit of Carol Roe.
Being a high school teacher, John R. Duff knew well the advantages of an education beyond high school. It is clear to this court that his intent was to have the sum of $1,000 available for the education of Carol Roe beyond high school. This court finds that the testator intended to create a trust for the benefit of Carol Roe for the purpose of her education beyond high school. The trustees are Howard Gr. Roe and Kathryn Roe. Before appointment, they will have to qualify pursuant to statute.
Authority for this determination is found in Matter of Babbage (201 Misc. 750, 751 [1951]). There the language of the will read as follows: “ I give and bequeath the sum of thirty thousand dollars ($30,000.00) to Louise Sanford Pierson, to be used by her in promoting the welfare of her children, Victoria, Laura Louise and Theodore.” Mr. Surrogate Collins experienced no difficulty in determining that the testatrix therein intended to create a trust. So, too, this court experiences no difficulty in determining that a trust has been created for the benefit of Carol Roe. It is true that the will states no period *972 for duration of a trust or the purposes of a trust in detail Since the will speaks of using the money for education, this court determines that the purpose is sufficiently clear.
Since education beyond the high school level is usually terminated at or shortly after attainment of 21 years of age, the court finds that the trust shall continue during the lifetime of Carol Roe, or until ,she reaches 21 years of age. Because of the limited amount involved, the court advises that Mr. and Mrs. Howard Gr. Roe can use both income and principal for the education of Carol Roe beyond high school without application to the court. They will always be subject to accountability at the .termination of the trust. The court believes that this disposition fills those lacunae existing because John R. Duff did not have the benefit of legal counsel to formulate proper language to implement his wishes.
In the corollary matter, the two subscribing witnesses, Howard Gr. Roe and (Mrs.) Kathryn Roe, take no beneficial interest under the will as the trustees for the trust above. As a result, the legacy payable to J. Edgar Hyatt, who is a legatee and a .subscribing witness, is a valid bequest since the will was capable of proof without his testimony. 'Submit decree in accord with decision.