Christopher C. McGrath, S.
Decedent was survived by two brothers, Alphonse and Allen Robinson, who are his sole distributees. On December 4, 1964, decedent executed a four-page will wherein he gave all of his property to his brother Alphonse, who was also named as the sole executor thereof. It is conceded that this document, which was prepared by an attorney and signed by the testator in the presence of three witnesses, was in all respects duly executed as a last will and testament.
On February 1, 1965, the decedent appeared.at the office of his attorney and informed him that he was very anxious to change his will of December 4,1964 so that both of his brothers were now to share equally in his estate and both were to be named as executors of this new will. He also stated that he was desirous of including in this new will a bequest of a savings bank account to a friend. The attorney thereupon, in the presence of his secretary and the decedent, removed the staples which bound the 1964 will and dictated to his secretary three new paragraphs to reflect the changes desired by the testator. The attorney then directed his secretary to copy the other remaining paragraphs of the 1964 will, since no changes were necessary as to them. Since a prior engagement made it necessary for the attorney to depart from bis office forthwith, he *1056 directed his secretary, on completion of the new will, to request one of the lawyers in the office suite to supervise the execution of decedent’s new will.
After the secretary completed the typing of the first page of the new will, which contained the changes desired by the testator, she discovered that the length of the new first page coincided exactly with the length of the first page of the 1964 will. She thereupon attached the newly typed page one to pages two and three and four of the 1964 will and stapled these four pages in the same white cover which had contained the original 1964 will. She then caused the decedent to place his initials at the bottom of each of these four pages. The secretary then placed this alleged will in a filing cabinet in the attorney’s office and gave the decedent a copy. When the attorney returned to his office later that day his secretary informed him that everything had gone smoothly with reference to the execution of the decedent’s new will.
Decedent died on May 26, 1965 and, thereafter, decedent’s brother Allen, upon learning the facts in connection with the execution of the alleged will on February 1, 1965, brought this proceeding to deny probate to the instrument dated December 4, 1964 and for letters of administration. The basis of his application is that the physical acts hereinabove described, together with decedent’s statements to his lawyer and in the presence of his secretary constituted a cancellation of his 1964 will and, therefore, resulted in its revocation. The sole legatee named in the 1964 will opposes granting of the relief sought herein by the petitioner on the ground that the 1964 will was not cancelled and revoked in the manner prescribed by section 34 of the Decedent Estate Law and, accordingly, should be admitted to probate as decedent’s last will and testament.
From the above facts, which are not in dispute, it is plain that the decedent intended to revoke the December 4,1964 will. However, to revoke a will, it is necessary, not only that there be an intent to revoke the will, but the intent must be consummated by some of the acts specified in the statute, or by the execution of an instrument declaring such revocation (Matter of Evans, 113 App. Div. 373). For a revocation to be effective, it must be made pursuant to the statute which is specific and unqualified in its requirements (Matter of McGill, 229 N. Y. 405). Section 34 of the Decedent Estate Law prescribes the sole methods by which a will may be revoked and these modes are: (1) by some other will in writing; (2) by some other writing of the testator declaring such revocation, executed with the same formalities with which the will itself is required by law to be executed; *1057 (3) burning; (1) tearing; (5) canceling; (6) obliterating, and (7) destroying with intention and for the purpose of revoking the same by the testator himself, or by another in his presence by his direction and consent, and when done by another person, the fact of such injury or destruction shall be proved by at least two witnesses.
It is conceded by the parties to this proceeding that the instrument which was prepared as an alleged will in the attorney’s office on February 1, 1965, at a time when the decedent’s attorney was not present, was not executed in conformity with the requirements of section 21 of the Decedent Estate Law. It therefore follows that this instrument is wholly ineffective either as a will or as a revocatory instrument.
The burden of proof as to revocation is an affirmative act which must be proved by the one asserting it (Matter of Crouse, 205 App. Div. 135, affd. 238 N. Y. 583). The petitioner relied entirely on the facts and circumstances heretofore set forth above in an effort to establish revocation of the December 4, 1964 will. The court is of the opinion that the petitioner has failed to sustain his burden of proof of establishing revocation. In view of the foregoing, the court must hold that the instrument dated December 4,1964 was not revoked in compliance with the requirements of section 34 of the Decedent Estate Law (Matter of Smith, 161 Misc. 194; Matter of Enright, 139 Misc. 192, 198; Matter of Bescher, 132 Misc. 625).
Accordingly, this application to deny probate to the instrument dated December 4, 1964 and for letters of administration is denied.