(10 App. Div. 125.)

THOMPSON v. WELDE.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

PAYMENT—EVIDENCE.

     In an action by an administratrix to recover money deposited by her intestate with defendant, it is a question for the jury if payment was made, where defendant files, as ordered, a bill of particulars of payments, and items in such bill are contradicted by witnesses.

Appeal from trial term, New York county.

Action by Adelaide Thompson, as administratrix of Henry Thompson, against Charles Welde. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Abram Kling, for appellant.
Bernard Tinney, for respondent.

RUMSEY, J. Mrs. Thompson, as the administratrix of her husband, brought this action to recover from the defendant a sum of money which she alleged had been deposited with the defendant, upon the agreement that he should return it to her husband upon demand. The fact of the deposit was admitted by the answer, and the sole defense was that the money had been entirely paid back to the husband in his lifetime. The pleadings were verified. Upon a motion, the defendant was required to serve a bill of particulars of the payments made by him to the intestate upon the said deposit, giving the dates and amounts of each payment. This he did by a bill of particulars, which appears in the case, from which it seems that the payments were made in various amounts, from a time the date of which is not given, down to and including the 29th day of December, 1891, when the seventeenth and last payment is said to have been made, of $100. Of course, the plaintiff being an administrator, Welde could not testify. He attempted to make out his case by proof of the admissions of the intestate, and he put upon the stand, for that purpose, two witnesses, who testified to certain admissions of Henry Thompson, that Welde had paid him the whole amount of this $3,700. These witnesses, as it appeared upon their cross-examination, were on terms of great intimacy with Welde, and the cross-examination disclosed some discrepancies between the statements made by the witnesses and facts conceded in the case or alleged in the plaintiff's bill of particulars, which might well throw some doubt upon the accuracy of the statements. For instance, one of the witnesses testified that he had a talk with Thompson in August, 1890, in which Thompson said to him that the whole amount of this deposit had been paid back to him. The witness was positive that this talk was in 1890. So positive was he that he was able to state the place and almost the precise time of day at which it occurred. Upon looking at the bill of particulars verified by the defendant, giving the dates and time of payment, it appears that from the 11th of October, 1891, down to the 29th of December, in the same year, over $500 was paid by him to apply upon this deposit; so that it is perfectly evident that Thompson could not have said in August, 1890, that this deposit had all been repaid to him, because the defendant's own admission is that a very considerable part of it was repaid to him more than a year after that time. So, the other witness testified to the payment of a sum of $75 which he says Welde had made to him for Thompson, at Thompson's order. But, upon looking at the bill of

particulars again, it appears that the defendant, in his verified statement, makes no claim that he ever paid the sum of $75 at any time. There were various other discrepancies in the testimony of the witnesses, of which the foregoing are simply illustrations.

Upon the close of the testimony, a motion was made by the defendant that the court order a verdict, upon the ground that the payment had been proved by the testimony of unimpeached witnesses; and the court, upon that ground, ordered a verdict, against the protest and exception of the plaintiff's counsel. In this action, we think, the court erred. While it is quite true that both court and jury are bound by the testimony of unimpeached and credible witnesses, which is uncontradicted, yet, to raise a question for the jury, it is not necessary that the testimony should be contradicted by the affirmative testimony of other witnesses. The circumstances under which the evidence is given, the relation of the witnesses to the party in whose behalf they testify, and the nature of the facts to which they testify, may be such as to not only warrant, but require, the court to send the case to the jury, although there may be no witnesses testifying upon the other side. Especially is this likely to be the case where the evidence given is evidence of declarations and admissions alleged to have been made by one who is dead, and who therefore cannot contradict them. Oral admissions are, at the best, but an unsatisfactory kind of evidence, and the case is a rare one in which such admissions should be adopted by the court as representing the precise truth of the case. The case at bar is not one of those cases. The questions presented here should have been sent to the jury, and, for the error of the court in refusing to do that, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.