(26 Misc. Rep. 659.)

### WALTENBERG v. BERNHARD.

(City Court of New York, General Term. January 30, 1899.)

1. SLANDER—PLEADING—PARTIAL JUSTIFICATION.

Where complainant in an action of slander alleges two distinct defamatory charges, defendant may deny one and plead the truth in justification of the other.

2. SAME—QUESTION FOR JURY.

Where the relation of witnesses to the party for whom they testify and the facts to which they testify are such as warrant the submission of the cause to the jury, their verdict will not be reversed as against the preponderance of the evidence.

3. SAME—VINDICTIVE DAMAGES.

The jury in an action for slander may give vindictive damages when, in their judgment, defendant was incited by malice, or recklessly made the defamatory charges.

Appeal from trial term.

Action by Bertha Waltenberg against Percival J. Bernhard. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCHMAN, JJ.

Abram I. Elkus, for appellant.
Alfred Steckler, for respondent.

SCHUCHMAN, J. The complaint alleges a cause of action on slander. The defendant is charged of having spoken of plaintiff as follows: "I can bring eleven witnesses who saw plaintiff take goods. She took the rings either out of spite or for gain. They are probably destroyed now." Defendant's answer denies every allegation of the complaint, and sets up justification, by averring "that the plaintiff had taken certain goods and merchandise belonging to the defendant, and that the defendant could bring abundant proof from witnesses who saw the plaintiff take such goods and merchandise, and that said statements made by the defendant concerning the plaintiff were true." The evidence on plaintiff's part, at the trial, shows that the defendant was engaged in the millinery business, and that the plaintiff had been in his employ as forewoman for 18 years; that on July 24, 1896, the defendant called the plaintiff into his private office, and asked her if she knew anything about two diamond rings which Mamie Hogan, an employé of the defendant, had left in the store the evening before, and were missing that morning. The plaintiff replied that she knew

nothing about them. He then accused her of stealing the rings and of stealing goods. The plaintiff denied the accusations, but the defendant insisted the same were true. The defendant called plaintiff to account for the loss of these rings, and accused her of stealing them, and also goods from the store, every day thereafter until July 31, 1896, when she was discharged. The defendant sent a detective from the local police station to the plaintiff on July 26, 1896, to call her to account for the loss of these rings. Plaintiff requested defendant to confront her with the witnesses that he alleged could prove that she had taken the goods, but the defendant refused to do so, and discharged her, saying: "No, you leave my place to-night, and never show your face in my place again. You are a thief." The evidence further shows that about August 5, 1896, plaintiff had brought an action against Jennie Goldsmith for slander in accusing the plaintiff of stealing goods from the defendant's store. On August 6, 1896, the defendant called on the plaintiff's sister, Emma Nass, at her home in New York City, and asked her whether she and the plaintiff fully comprehended what they were doing in suing Jennie Goldsmith for slander. Miss Nass replied that she understood, and thereupon the defendant uttered the following words, which are the basis of this action, viz.: "I can bring eleven witnesses who will testify that they saw your sister take the rings, and also goods; and unless you withdraw the case against Jennie Goldsmith, I shall bring these witnesses, and it will ruin her. She took the rings either for spite or gain, and they are probably destroyed now." The defendant, to substantiate his defense, testified that he never accused the plaintiff of having taken the rings of Miss Hogan, but he admitted, and reiterated on the trial, that she, the plaintiff, had taken goods from him, from his store, while in his employ, and that he had witnesses to prove that fact; and he called Misses Kelly, Curry, Barret, and Goldsmith, four employés of his, who substantially testified that they all four, for a long period, had seen the plaintiff taking goods away from defendant's store, but that they never reported it to the defendant, their employer, until this affair about the rings occurred. The testimony of these four employés shows that they did not entertain a very friendly disposition towards the plaintiff. Against Jennie Goldsmith plaintiff had an action for slander pending at the time of this trial; and Mamie Hogan testified that she had feelings of resentment against the plaintiff, and is not her friend, because the plaintiff had discharged her while she was forewoman. There was not a particle of evidence offered on the trial to show that the plaintiff stole the diamond rings. Thus we see that the slander complained of is composed of two distinct charges. One of them is that the plaintiff stole the diamond rings; the other is that she stole merchandise from the defendant while in his employ. The first charge the defendant absolutely denies of having made. The second charge the defendant justifies by testifying and calling witnesses to verify the charge to be true. The justification is good if it covers any one of these distinct charges. It does not need to cover both. Lanpher v. Clark, 149 N. Y. 472, 44 N. E. 182. Appellant asks to reverse the judgment appealed from on the ground that the plaintiff has failed to prove the slander alleged by a

preponderance of evidence. This we feel warranted not to do under all the facts and circumstances of this case. The evidence in this case, and the circumstances under which it was given, the relation of the witnesses to the party in whose behalf they testified, and the nature of the facts to which they testified, are such as not only to warrant, but require, the trial court to send the case to the jury; and in particular inasmuch as the jury had the advantage of noticing the appearance of the witnesses, and had the right of drawing such inferences and judging of such probabilities as they deemed just in doing from all the evidence of the case. Thompson v. Welde, 10 App. Div. 125, 41 N. Y. Supp. 819. The verdict is not excessive. The jury had the right to give nominal and compensatory and vindictive damages; the latter when, in their judgment, the defendant was incited by actual malice, or acted wantonly or recklessly, in making the defamatory charge. Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409.

Judgment and order appealed from affirmed, with costs. All concur.