In the Matter of the Probate of the Will of JEREMIAH M. CRONIN, Deceased.

Surrogate's Court, New York County, March 12, 1925.

Wills — revocation — will was in exclusive possession of testator — when offered for probate signatures of testator and witnesses had been crossed off and notation was found on will in testator's handwriting that will was void and was not to be probated — will was revoked.

The revocation of a will is established, where it appears that the will which was offered for probate had always been in the exclusive possession of the testator, and that when it was offered for probate it was found that the signatures of the testator and of the witnesses had been crossed off and that there was a notation on the will in the handwriting of the testator that the will was void and was not to be probated.

PROCEEDING for probate of will.

*Thomas J. Milan*, for the petitioners.

*Robert X. Kuzmier*, for the contestant.

*George L. Donnellan*, special guardian.

*Paul T. Kammerer, Jr.*, special guardian.

O'BRIEN, S.:

On March 3, 1921, the deceased executed a will in duplicate at the office of his attorney. The original of this will he retained, and the duplicate original he left with his attorney. He died November 15, 1924. After his death the will retained by him was found in his safe deposit box at the Eighty-sixth street branch of the Corn Exchange Safe Deposit Company. On December 8, 1924, this will was offered for probate. Thereafter the widow, Mary A. Cronin, appeared, and filed objections to the will, on the ground that it was revoked by the testator and, therefore, was not valid as his last will and testament. On the trial of the issues raised by the objections the following facts were proved:

Several lines were drawn with ink through the signature of the testator and the words " Void J. M. Cronin " written underneath. Lines were drawn through the signatures of the three witnesses to the will and also through their respective addresses. On the part of the cover which is folded over the top of the front page of the will appears the following written with ink: " Must not be probated — other will to be arranged. J. M. C." On the back or cover of the will is written: " Void not to be probated. J. M. Cronin. Oct. 8, 1924, J. M. C." By several witnesses it was shown on the trial that these notations on the will are in the handwriting of the deceased, and that the initials and signatures are those of Jeremiah M. Cronin. The due execution of the will was properly testified to by the witnesses.

Thus the question presented is: Was such will revoked? These witnesses testified that at the time of the execution of the will the cross-cuts and writings described above were not on the instrument. The evidence is that the testator had exclusive access to the safe deposit box in which the will was found. When this box was opened and the will taken therefrom, it contained the writings above referred to. The court is of the opinion that the testator crossed out the signature on the will and wrote the words " Void not to be probated " and the other writings heretofore referred to with intent to cancel and revoke such will. (*Matter of Barnes*, 76 Misc. 382; *Matter of Parsons*, 119 id. 26; affd., 204 App. Div. 879; affd., 236 N. Y. 580; *Matter of Field*, 109 Misc. 409.)

A decree may, therefore, be submitted on notice, denying probate to the instrument offered as the last will and testament of Jeremiah M. Cronin, on the ground that the same has been revoked.