In the Matter of the Probate of the Last Will and Testament of
FRANCES CASEY, Deceased.

Surrogate's Court, Clinton County, August 14, 1925.

Wills — contested probate — revocation of alleged will torn completely across and pasted together — said document found in locked trunk of testatrix by relatives of sole beneficiary — refusal of surrogate to direct verdict in favor of proponents not error where issue of fact as to credibility of proponents' witnesses was raised — finding of jury that alleged will was not found in tin safety box in trunk may be disregarded in absence of dispute that document was in trunk — presumption that testatrix tore alleged will into three pieces, with intention of revoking it, warranted where jury found that three pieces were not pasted together when found in trunk — alleged will cannot be probated in absence of evidence contrary to said presumption.

In proceedings to probate the alleged will of testatrix, which had been torn completely across in two places and when offered for probate had been pasted together by two strips of paper, wherein it appeared that the alleged will was found in a locked trunk of the testatrix by relatives of the sole beneficiary, the court properly refused to direct a verdict in favor of the proponents for the reason that an issue of fact was raised as to the credibility of the proponents' witnesses, all of whom were relatives of the beneficiary, notwithstanding the fact that their testimony was not contradicted by direct evidence on the part of the contestant.

The finding of the jury that the will was not found in a small tin safety box in decedent's trunk may be disregarded, since it was not disputed that the alleged will was in the trunk, particularly where the trunk had been in decedent's exclusive possession and was locked when received by the persons opening it, for it is immaterial that the will was not in the tin box, if it had continued in the sole custody and possession of the testatrix until her death.

It must be presumed, the jury having found that the three pieces of the alleged will were not pasted together when found in the trunk after the death of the testatrix, that she tore the document into three pieces after execution, with the intention of revoking it. Since there is no evidence to overcome that presumption, it must prevail, and the will cannot be probated.

MOTION to enter decree denying probate after jury trial.

*Ernest C. Gordon*, for the proponent, Thomas F. Coultry, the executor named in said will.

*B. Loyal O'Connell*, special guardian for Clarence Casey, an infant, contestant.

HARRINGTON, S. The instrument offered for probate as the last will and testament of the deceased bequeathed her entire estate, consisting of personal property only, to her aunt by marriage, Josephine Casey. The only next of kin of the deceased is the contestant herein, a half brother, who under the Decedent Estate

Surrogate's Court, Clinton County, August, 1925.        [Vol. 126

Law would be entitled to the entire estate of the deceased in the event of her intestacy.

By consent of counsel the only question considered in the contested probate proceeding in regard to the validity of the will was the matter of whether it had been revoked. The document offered as the last will and testament of the deceased consisted of one typewritten sheet. It had been torn completely across in two places, making about three equal pieces. These pieces had been pasted together by two strips of paper and in this condition was offered for probate. Upon the trial the witnesses for the proponent consisted of the husband of the beneficiary under the will, James Casey, a sister of the beneficiary, Mrs. Margaret Cribbins, and the daughter of said sister, Josephine Cribbins. From their evidence it appears that the deceased was a school teacher and was teaching at Roslyn, L. I., just prior to her death. The deceased died on January 29, 1925. She had gone to Derby, Conn., for a week-end visit at the home of Mrs. Cribbins, and while there became ill and died within a few days after her arrival. It appears that for the past few years and since the death of her father, she had always made her home with her aunt and her husband in the town of Altona, N. Y., when not teaching school. She had never made her home with her stepmother and her half brother since the death of her father. After her decease her trunk was sent from Roslyn, L. I., to Derby, Conn., to the home of Mrs. Cribbins. The trunk was opened by Mrs. Cribbins and her daughter, both of whom testified that they found the document now offered for probate in a small tin safety box in said trunk, together with various other personal papers, consisting of promissory notes, bonds, mortgages, etc. They further testified that the will when so found by them was in the same condition as it was when offered for probate. Mr. Casey was then notified by Mrs. Cribbins and her daughter in regard to what they had found in the trunk, and he went to Derby, Conn., and took the will, bonds, mortgages, etc., and had the trunk shipped to his home.

No evidence was offered by the proponent in regard to the circumstances surrounding the tearing or pasting of the will. Counsel for proponent attempted to show by Mrs. Cribbins the non-revocation of the will by alleged declarations of the deceased made to Mrs. Cribbins a short time before her death, concerning her will and the objects of her bounty. This evidence was rejected as being incompetent and improper for the purpose of showing the non-revocation of her will. (*Matter of Kennedy*, 167 N. Y. 163.) For instance when such declarations are admissible, see *Matter of Rowe* (165 N. Y. Supp. 1064).

Misc. 749]     Surrogate's Court, Clinton County, August, 1925.

No witnesses were sworn for the contestant. At the close of the evidence counsel for the proponent moved for a direction of a verdict admitting the will to probate on the ground that the contestant had failed to meet the burden of proof placed upon him by law of showing the revocation of the will. Counsel for contestant moved for a direction of a verdict denying probate on the ground that proponent had failed to overcome the *prima facie* presumption of revocation of the will established by the document being produced in a mutilated condition. Both motions were denied by the court for the reason that to grant either motion would compel the court to either accept as true or reject as untrue the testimony of the witnesses for the proponent as to the condition of the will when found. As the witnesses for the proponent were all relatives of Josephine Casey, the sole beneficiary of the will, the credibility of their testimony was a question of fact for the jury, even though their testimony was not contradicted by direct evidence on behalf of contestant. (*Thompson* v. *Welde*, 10 App. Div. 125; *Van Gaasbeek* v. *Staples*, 85 id. 271; affd., without opinion, 177 N. Y. 524; *Gordon* v. *Ashley*, 191 id. 186, 193; *Tousey* v. *Hastings*, 194 id. 79, 82; *Ga Nun* v. *Palmer*, 216 id. 603, 611; *Coutant* v. *Mason*, 221 id. 49, 53.) There are exceptions to the rule stated in the foregoing cases that the credibility of the testimony of an interested witness or one closely related to an interested party, is one of fact for the jury. However, the circumstances in connection with this case and the nature of the testimony of the witnesses for proponent are not such as to bring this case within any exception to the foregoing rule. (See *Powers* v. *Wilson*, 203 App. Div. 232, 236, and cases cited.) The court, therefore, submitted the following questions to the jury, to wit: (1) Was proponent's Exhibit 1, purporting to be the last will and testament of Frances Casey, found in proponent's Exhibit A, at or after her death? (2) was said instrument when found in the same condition as it now appears? Exhibit A was the small tin box found in the trunk of the deceased. Counsel for proponent did not except to the submission of these questions by the court to the jury. The jury answered both questions in the negative.

While the jury answered the first question in the negative, the court must find as a fact that the document purporting to be the will of the deceased was found among her personal effects in her trunk, and that the same was in her sole custody at the time of her decease. The evidence shows that deceased kept various papers in the tray of her trunk, including a great many old letters, etc. There is no evidence to show that any papers of the deceased were found elsewhere than in her trunk, or that she had any other place

to keep them. In fact, neither counsel for proponent nor contestant disputed the fact that the will was in her trunk, and this question might well not have been submitted to the jury. The only explanation for so submitting it is that at the time of submitting it to the jury, it was thought necessary by counsel for proponent and the court as bearing upon the question of its condition when found. The legal presumption arising as a result of the condition of the will when found does not differ, whether the will was in the tin box or in the trunk. In either case, it was among her personal effects where she kept her various papers. The law does not seem to require that the will be in any particular place, providing it is somewhere in the personal effects of the deceased, or in her sole custody, and not in the possession of others or in a place available to others. The evidence shows that the trunk was locked when received by those who opened it and removed the will. There is no evidence to show that any other person had access to the trunk prior to the time when it was so opened. Hence, the finding of the jury as to the first question may well be disregarded, *first,* because it was not disputed by opposing counsel that the will was in the trunk, and in the sole custody of the deceased up to the time of her death; and *secondly,* because the presumption of law arising with reference to the condition of the will when found is the same, whether the will was in the tin box in the trunk or outside of the tin box but in the trunk. There could be no object of the witnesses testifying falsely as to the fact that the will was somewhere in the deceased's trunk, but there might be a motive for testifying falsely in regard to the condition of the will when found. The evidence with reference to the condition of the will when found, in connection with the appearance of the document itself, was the only matter from which different inferences might arise as to the actual condition of the will when found, and being such, in the absence of any evidence or contention of either party to the contrary, the court must find that the will was in the trunk of the deceased at the time of her death, and remained there until removed for the purpose of being offered for probate.

We now come to the presumption arising from the finding of fact by the jury, that the will when found was not in the same condition as when offered for probate. Only one conclusion can be drawn from this finding, namely, that the will when found was in three pieces; for the words " same condition " could and did refer only to the " pasting " together of the three pieces into which the will had been torn. Hence, the finding of the jury is in effect that the will when found was in three pieces.

The due execution of the will was admitted by counsel for con-

testant. No evidence was offered by proponent to show that the will was in its present condition when executed and delivered to the deceased. It must, therefore, be assumed that the tearing and pasting of the will occurred after its execution and delivery to deceased. There is also no evidence to show that the will was not in the exclusive custody of the deceased after its execution and delivery to her. The will being found among the personal effects of the deceased and in three pieces, a *prima facie* presumption arises that the deceased tore the will in three pieces and that she did so with the intention of revoking it. (*Matter of Francis*, 73 Misc. 148, 158, and cases cited; *Matter of Hopkins*, 172 N. Y. 360, 363; *Matter of Parsons*, 119 Misc. 26; affd., on opinion of surrogate, 204 App. Div. 879; affd., without opinion, 236 N. Y. 580; *Matter of Cronin*, 124 Misc. 848.) Such presumption is a rebuttable one and may be overcome by competent evidence showing the circumstances attending the tearing of the will. But when unexplained by any evidence, as in this case, the presumption prevails and the will cannot be admitted to probate.

The motion of counsel for contestant that an order be entered denying probate to the will is, therefore, granted. A decree may be submitted on notice, denying probate to the instrument offered as the last will and testament of Frances Casey, on the ground that the same has been revoked.