In the Matter of the Estate of HERBERT B. TEN EYCK, Deceased.

Surrogate's Court, Kings County, May 7, 1935.

*S. M. & D. E. Meeker*, for the petitioner.

*S. James Kennedy*, special guardian.

WINGATE, S. From the testimony of the subscribing witnesses, the court finds that the propounded instrument dated April 26, 1932, was duly executed. (Dec. Est. Law, § 21.)

Decedent, a resident of Kings county, while *en route* to his home, was taken critically ill and died at Hendersonville, N. C. Immediately upon receipt of the news of his illness, petitioner, her husband and her sister hastened to Hendersonville, not arriving thereat, however, until after decedent's death. Among decedent's traveling effects was a black bag, wherein was found an envelope containing the instrument offered for probate and a purported earlier will dated March 11, 1930. The testimony presented establishes the fact that the propounded paper was in decedent's possession at the time of his death and that when found by petitioner it was in the same condition as at present, *i. e.*, torn into the same four pieces.

That the present mutilated condition of the paper is due to a tearing is evident from an examination of the irregularities of the edges of the respective pieces, none of which edges follow the lines of what appears to be the original folds of the paper. It is oft-repeated doctrine that the finding among the effects of a competent testator of a will mutilated in any of the modes prescribed in the statute for testamentary revocation (Dec. Est. Law, § 34) gives rise to a presumption that the acts of mutilation were performed by the testator *animo revocandi*. (*Matter of Hopkins*, 172 N. Y. 360, 363; *Matter of Casey*, 126 Misc. 749, 753; *Brazill* v. *Weed*, 115 id. 546, 554; *Matter of Francis*, 73 id. 148, 159; *Matter of Clark*, 1 Tuck. 445, 453, 460.) (See, also, *Matter of Parsons*, 119 Misc. 26; affd., on opinion of surrogate, 204 App. Div. 879, affd., without opinion, 236 N. Y. 580.) No evidence appearing to rebut this presumption, the court finds that the propounded instrument was revoked by the decedent in his lifetime.

Upon the execution of the will of April 26, 1932, which expressly revoked " any and all former or other wills ever made " by the testator, the will of March 11, 1930 (assuming for present consideration the validity of its execution), was revoked. The subsequent revocation of the will of April 26, 1932, as herein found, did not revive or revalidate the earlier will (*Matter of Stickney*, 31 App. Div. 382; affd., 161 N. Y. 42; *Matter of Wylie*, 162 App. Div. 574; *Matter of Wear*, 131 id. 875; *Matter of De Coster*, 150 Misc. 807; *Matter of Ford*, 135 id. 630) and decedent, therefore, died intestate. The petition for probate is denied. Submit decree.