In the Matter of the Probate of the Will of ISADOR BERMAN, Deceased.

Surrogate's Court, Bronx County, November 19, 1945.

*Benjamin Steinberg* for petitioner.

*Jacob W. Friedman* for contestants.

HENDERSON, S. This is a probate proceeding. The instrument offered for probate is dated February 18, 1928, and appears to be duly executed as provided by statute.

Objections to the probate of this instrument have been filed and a jury trial demanded. One of the objections raises the

question as to whether or not the propounded paper has been revoked. The court has been requested to make a determination of this question since the issue is one of law and not one of fact to be submitted to the jury.

The alleged will consists of three typewritten pages. At the very bottom of pages (1) and (2) in the blank spaces thereof, and on the last page in the blank space between the signature of decedent and the attestation clause, appear the following words written in ink " Void Isadore Berman Dec-12-1941 ". None of these words were written across any of the typewritten matter of the propounded instrument nor did they come into contact with any portion thereof.

The contestants assert that the alleged will has been revoked by cancelation.

Section 34 of the Decedent Estate Law sets forth how a will may be revoked. It provides that the revocation of a will may re accomplished only by the performance of certain acts which are therein specified. It may be accomplished by the execution of a new writing wherein the testator declares his purpose to revoke, or by a new will, in either of which cases all the formalities required for the making of a will must be observed. If the will be burnt, torn, canceled, obliterated or destroyed by the testator himself with the intention of revoking it, there is a revocation. If these acts are done by a person other than the testator but under his direction and by his consent, the revocation can only be established by the testimony of two witnesses showing that fact and the direction and consent of the testator. There can be no revocation of a will except as prescribed by this statute (*Matter of McGill,* 229 N. Y. 405, 411).

Of the foregoing methods, in the case at hand the court need only concern itself with that of cancelation.

The burden of proving a revocation is upon the contestants (*Matter of Crouse,* 205 App. Div. 135, 141, affd. 238 N. Y. 583). However, when a will with its written words of cancelation is found in the decedent's possession at his death, the contestants are favored with a presumption that the cancelation was done by the decedent with the intention of revoking it *animo revocandi.* This presumption coupled with proof that the words of cancelation were in the handwriting of the decedent, would make out a case of revocation by cancelation within the meaning of the statute (*Matter of Parsons,* 119 Misc. 26, affd. 204 App. Div. 879, affd. 236 N. Y. 580).

Since the parties have conceded that the words which purport to cancel the propounded instrument are in the handwrit-

ing of the decedent and that the alleged will was in his possession at the time of his death, the only question remaining is whether or not the notations constituted a cancelation.

An examination of the decisions in this State discloses that in any case where it has been held that there was a revocation of a will by cancelation, there was some defacement of the words of the instrument (*Matter of Parsons, supra; Matter of McCaffrey,* 174 Misc. 162; *Matter of Kutzner,* 173 Misc. 776; *Matter of Kuntz,* 140 Misc. 598; *Matter of Cronin,* 124 Misc. 848; *Matter of Barnes,* 76 Misc. 382; *Matter of Alger,* 38. Misc. 143).

Neither the briefs of counsel nor the independent research of the court has unearthed any case in this State where it has been held that a will may be canceled by a writing such as this now under consideration, which does not touch the original words of the will.

It has been squarely held that if the markings upon an instrument do not affect the will in its entirety or a vital part thereof, there is no revocation (*Matter of Tremain,* 169 Misc. 549, affd. 257 App. Div. 996, affd. 282 N. Y. 485; *Matter of Akers,* 74 App. Div. 461, affd. 173 N. Y. 620).

Accordingly the objections of the contestants, which allege that there has been a revocation must be dismissed. The other objections have been withdrawn.

Proceed accordingly.