In the Matter of the Probate of the Will of HARRIET MONETTE, Deceased. LEEWARD MONETTE et al., Appellants; CHARLES M. MORHOUS, as Temporary Administrator of the Estate of HARRIET MONETTE, Deceased, et al., Respondents. — This appeal is from an order and decree of Clinton County Surrogate's Court, denying probate to an instrument offered by appellants as the last will and testament of Harriet Monette, deceased. An attorney and his secretary testified to the preparation by him of a will for Mrs. Monette and to its due execution and acknowledgment before them as witnesses on October 31, 1946. They identified the offered paper as being the one so prepared and executed, except that her signature had been removed by cutting. She took the will with her when she left the attorney's office that day. As then drawn, after making provision for various specific bequests, the will devised and bequeathed one-half of her residuary estate to her sister, Mary Glaude, and one-half to appellants, Leeward Monette and Loretta Monette, his wife, share and share alike. For several years prior to her death in a Plattsburg hospital on May 19, 1951, decedent had resided with the family of her brother-in-law, Elmer Monette, an uncle of the appellant, Leeward Monette. On May 20, 1951, Mary Glaude, Leonard Monette and Simone Monette went to the Elmer Monette dwelling to look for a will. The search of decedent's bedroom on the second floor was fruitless. Later they found papers belonging to her in the top drawer of a bureau in a first floor room. Among these papers was an envelope containing the propounded instrument. When taken from the envelope and examined it was found that the signature had been cut out and that the paper was in the condition as when later offered in court. In another envelope in the same drawer they found a paper in decedent's handwriting dated at Albany, New York, November 16, 1940, signed by her and with the signatures of two witnesses, which purported to bequeath all of her personal clothes, jewelry and money to Ruth "Glode", a daughter of Mary Glaude. It is not questioned that others of the family had access to the room where the papers were found, or that two shirts belonging to Elmer Monette were in the same bureau drawer. There was no witness, other than the attorney who drew the will and his secretary, who testified to having seen the paper before it was found in the bureau drawer. There was no evidence, and apparently none could be produced, as to the time, circumstances, occasion or agency of the mutilation of the paper by the removal of the signature, other than a statement of Mary Glaude, stricken by the Surrogate, to the effect that she knew it was cut because Harriet (the decedent) told her. The mutilation was in the manner specified in section 34 of the Decedent Estate Law as a means of revoking a will, if done "by the testator himself, or by another person in his presence, by his direction and consent". The finding of the mutilated paper among the personal effects of the decedent must give rise to the presumption, in the absence of any evidence at all by way of rebuttal, that the act was performed by the decedent *animo revocandi*. (*Matter of Hopkins*, 172 N. Y. 360, 363; *Matter of Ten Eyck*, 155 Misc. 443; *Matter of Casey*, 126 Misc. 749, 753.) Order and decree of the Surrogate's Court unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.