In the Matter of the Probate of the Will of Louis Rosenberg, Deceased.

Surrogate's Court, Kings County, December 31, 1953.

*A. Lewis* for Alan R. Rosenberg, proponent.

*Harry A. Kornfeld* for Anne Ginsburg, contestant.

*Bernard Ulano,* special guardian for Isabel Lichtenstein and another, infants.

RUBENSTEIN, S. Two instruments are offered for probate as the will of the decedent, one dated March 20, 1951, the other June 13, 1951. The latter purports to be a codicil to the instrument bearing the earlier date.

The testimony establishes that both of the instruments were prepared and executed at the office of the decedent's attorney who acted as one of the subscribing witnesses to each of them. Both were in the decedent's possession and under his control at the time of his death; but when found the earlier dated instrument was mutilated, the signature of the decedent written in the margin of each of its first five pages having been cut therefrom; and the lower half of the sixth and final page which at its execution contained the decedent's signature at the end thereof and the signatures of the witnesses thereto following an attestation clause had been severed from the upper part of the page below the *testimonium* clause leaving the final page and the remainder of the instrument completely devoid of any signatures.

The finding of an instrument, mutilated in the manner described, among the effects of a competent decedent gives rise to the presumption that it was so mutilated, cut or torn by decedent with the purpose of revoking it (*Matter of Monette,* 282 App. Div. 987; *Matter of Hopkins,* 172 N. Y. 360; *Matter of Ten Eyck,* 155 Misc. 443). That presumption has not been rebutted, wherefore, the instrument of March 20, 1951, must be deemed to have been revoked by decedent and denied probate.

The codicil which was found together with the earlier dated paper was left untouched and intact; and the proof establishes its due execution in accordance with section 21 of the Decedent Estate Law and probate thereof is decreed.

A beneficiary named in the earlier instrument urges that the codicil by an article contained therein republished and validated

that instrument. This argument is untenable. A codicil does not republish an unattested will, nor an instrument which has been mutilated and effectively revoked pursuant to section 34 of the Decedent Estate Law (cf. *Cook* v. *White,* 43 App. Div. 388, affd. 167 N. Y. 588; *Matter of Emmons,* 110 App. Div. 701; *Matter of Lawler,* 195 App. Div. 27, and *Matter of Weston,* 60 Misc. 275, affd. 131 App. Div. 901).

Letters of administration *c. t. a.* will issue to petitioner upon qualifying according to law.

Proceed accordingly.