In the Matter of the Probate of the Will of DAVID KOSBERG, Deceased.

Surrogate's Court, Bronx County, January 12, 1954.

*Jacob Nagelberg* for Ethel Kosberg, petitioner.

*Nathaniel L. Goldstein, Attorney-General (Julius Greenfield* of counsel), in his statutory capacity under section 12 of the Personal Property Law and section 113 of the Real Property Law.

McGRATH, S. This is an application to deny probate to two instruments dated September 11, 1925, and November 18, 1933, respectively, which were found in the decedent's safe-deposit box.

The 1925 instrument consists of five typewritten pages which is signed at the end thereof by the decedent and three subscribing witnesses. Written in ink through and across the dispositive provisions of the first four pages of this paper are the words "VOID — David Kosberg." On the last page of this document through and across the names of the three witnesses is also written in ink "VOID — David Kosberg." The testimony taken by the court discloses that the words which purport to cancel the afore-mentioned instrument are in the handwriting of the deceased and that the paper writing was found in the decedent's safe-deposit box to which he had the sole and exclusive access.

The only question to be determined is whether these notations constitute a cancellation in accordance with section 34 of the Decedent Estate Law. The court is satisfied that these markings upon this will of September 11, 1925, signify a clear and irrefutable intention to achieve the purpose of a revocation and the evidence is decisive that this paper was cancelled by the decedent himself with the intent and purpose of revoking it (*Matter of Parsons,* 119 Misc. 26, affd. 204 App. Div. 879, affd. 236 N. Y. 580; *Matter of Robinson,* 201 Misc. 439; *Matter of Berman,* 185 Misc. 1037; *Matter of McCaffrey,* 174 Misc. 162).

As to the instrument dated in 1933, which is holographic, the proof establishes that it was executed in this county by the decedent while a resident of New York and is attested by only one witness. There being a failure to comply with the provisions of section 21 of the Decedent Estate Law, the script must be denied probate.

The alternative relief as prayed for will be granted and letters of administration will issue to the petitioner upon the filing of a bond of $2,800.

Settle decree.