S. Samuel Di Falco, S.
This is a proceeding for denial of probate and for the issuance of letters of administration. Deceased executed as her will a paper dated June 22, 1954 in which, after making a number of gifts of personalty, she left her residuary estate to her brother, Felix Stossinger, conditioned upon his surviving the testatrix. After her death the writing, consisting of three pages of typewritten text enclosed in a legal back, was found in her safe-deposit box. On the cover appeared the words “ not valid ” followed by the initials M.S.D. in the handwriting of the testatrix as was established on the trial.
*11 The document was folded horizontally so that there are three folds across each sheet. The stapled, folded set of three sheets with cover was found with a tear extending almost across it in a slightly diagonal course. "When unfolded, each sheet has a tear extending down from the top in a diagonal direction, a tear across the middle of the page in the form of a V and a third tear at the bottom extending upward in a diagonal direction matching the tear at the top. One of the tears passes through the decedent’s signature on the third page. The total length of the tear which appears in the center of the folded pages is three inches, that on top an inch and one-quarter, that on the bottom two inches. The cover is 14% inches from the top to the bottom and each sheet 13 inches in length.
It is the contention of the petitioner for letters of administration that the document executed by the deceased was mutilated by her with an intention to revoke so that the paper must be denied probate. The court concurs in this conclusion. It is a condition of revocation by mutilation that an intention to revoke accompany the act. The intent was evidenced in this case by the writing which appears on the cover. The physical tearing, while it did not result in the complete destruction of the paper, was sufficient within the meaning of the statute (Decedent Estate Law, § 34) to accomplish the act intended by the testatrix (Matter of Thompson, 190 Misc. 760; Matter of Ten Eyck, 155 Misc. 443; 1 Davids on New York Law of Wills, §§ 376, 383).
There is nothing in the statute (Decedent Estate Law, § 34) which imposes as a condition to an effective revocation by mutilation, a complete destruction of the paper. In his review of the history of the section Mr. Surrogate Delehaetty in Matter of Thompson (supra) collating the authorities, makes it plain that no court has ever held the contrary and he cites with approval the statement in Dan v. Brown (4 Cow. 483, 490) ‘ ‘‘ Revocation is an act of mind, which must be demonstrated by some outward and visible sign of revocation. The statute has prescribed four. If any of them are performed in the slightest manner, joined with a declared intention to revoke, it will be an effectual revocation.’ ” (Italics supplied.) Those conditions have been established as having obtained in this case with the result that the paper is not qualified for admission to probate, and its inadmissibility is accordingly decreed.
In reaching this result the court has not disregarded the testimony, of limited probative consequence, designed to show that the petitioner was given the key of deceased’s safe-deposit box by the hospital authorities following her death. This *12 circumstance furnishes no justification for the assumption that he had access to the will by reason of his possession of the key for so far as the record shows the safe-deposit company received prompt notice of its customer’s death so that thereafter access to the box would have been denied to all except upon the issuance by this court of an order to open. Upon this state of facts there is shown no reason for invoking the authorities that deal with situations in which access to the will by persons who would benefit by its destruction has been established (Matter of Frazell, 174 Misc. 142 and cases there cited).
The application for denial of probate and the issuance of letters of administration is in all respects granted. Submit decree on notice.