■ In the Matter of the Probate of the Will of JENNIE E. LAINE, Deceased. HANNES L. HENDRICKSON, JR., Appellant; IRVING R. ROSENTHAL, as Public Administrator of Kings County, Respondent.— In a proceeding to probate a will or in the alternative to grant letters of administration to the Public Administrator, the appeals are (1) from an order of the Surrogate's Court, Kings County, granting the Public Administrator's motion for the issuance of temporary letters of administration to said Public Administrator, and (2) from an order of said court denying appellant's cross motion to dismiss the petition of the Public Administrator and to authorize appellant to petition for the probate of the will. Order granting the motion for the issuance of temporary letters of administration affirmed, without costs. Order denying the cross motion to dismiss the petition modified by striking therefrom the ordering paragraph and by substituting therefor provisions granting appellant's cross motion (1) to dismiss the petition insofar as it seeks a probate of the will, and (2) to authorize appellant to petition the court for the probate of the will. As so modified, order affirmed, without costs. Respondent found among the decedent's effects a purported will signed by the decedent but with the signatures of the witnesses torn off and missing. Respondent states that the attorney whose name appears on the back of the will does not remember having such a matter as this alleged will or attending on the execution of any will by the decedent. Appellant was named as the executor and sole beneficiary in the will. If the decedent died intestate, her sole heir would be her sister, a Finnish citizen who resides in Finland and who intends to contest said will. On this record, it seems that probate will not be granted and that the decedent died without leaving a valid will and therefore died intestate (*Matter of Monette*, 282 App. Div. 987; Surrogate's Ct. Act, §§ 119, 314, subd. 1; *Matter of Cameron*, 47 App. Div. 120, 123, affd. 166 N. Y. 610), although it is possible that an investigation may reveal and proof may be adduced that the will was validly executed and was not

mutilated and torn by the decedent *animo revocandi*. When appellant learned about the will, his attorney visited the respondent's office and requested that the will be filed forthwith as required by law, since appellant was anxious to file a petition for the probate of said will. Instead of merely filing the will, respondent filed the will on the same day and, simultaneously therewith, filed a petition for the issuance of citation to show cause why the will should not be admitted to probate and for a decree admitting said will to probate and directing the issuance of letters testamentary to the executor who might qualify, or to determine that the act of tearing revoked the instrument and, if the court found that the will was revoked, then, in the alternative, for the issuance of letters of administration to respondent. Respondent takes the position that the will is not valid and probate will be denied. Simultaneously with the filing of the petition, respondent made a motion for the issuance to him of temporary letters of administration. Appellant opposed respondent's motion for the appointment of the temporary administrator and moved for an order dismissing the petition "to prove" the will and for a further order authorizing appellant to petition the court to prove said will. Respondent's motion was granted and appellant's motion was denied. The order denying appellant's motion provides that the motion to dismiss the petition for the probate of the will or in the alternative for the issuance to respondent of letters of administration is denied in all respects. Appellant did not move for the dismissal of the entire petition, as is indicated by the fact that he requested authorization to petition the court for probate. If the entire proceeding had been dismissed on motion, appellant would not require authorization to file a petition for probate. It is possible that the request for such authorization was made in view of the fact that rule VIII of the Kings County Surrogate's Court Rules provides that "No petition for the probate of a will, or for the grant of letters of administration or of guardianship will be entertained during the pendency of a prior proceeding for the same or like relief respecting the same matter". The respondent was not authorized to propound the will for probate since he was not a person interested in the estate within the statutory definition thereof (Surrogate's Ct. Act, §§ 139, 314, subd. 10) nor did he come within the provision in section 139 of the Surrogate's Court Act which states that "The surrogate's court may direct the public administrator or county treasurer to present a petition if a will has been filed in the surrogate's office for over sixty days and no other person who is entitled to petition for its probate has done so." The Surrogate should have granted the motion to dismiss the petition insofar as it sought the probate of the will and, in view of rule VIII of the Kings County Surrogate's Court Rules, should have granted appellant's motion for authorization to petition the court for probate of the will. In view of the relief requested in appellant's motion, the Surrogate was not required to dismiss the petition insofar as it sought a determination that the instrument was revoked by the act of tearing and that, in the alternative, letters of administration be granted to respondent. But even if appellant's motion sought the dismissal of the entire petition, the showing was sufficient to satisfy the Surrogate that decedent died without leaving a valid will and thus died intestate, and to authorize him to issue a citation and to continue the proceeding as one for the issuance of general letters of administration (Surrogate's Ct. Act, §§ 119, 314, subd. 1; *Matter of Cameron,* 47 App. Div. 120, 123, affd. 166 N. Y. 610, *supra; Matter of Billet,* 187 App. Div. 309; *Matter of Christesen,* 277 App. Div. 893; cf. *Matter of Wedemeyer,* 253 App. Div. 766). Under the circumstances shown, it may not be held that the Surrogate abused his discretion by the granting of temporary letters of administration to respondent (2 Warren's Heaton, Surrogates' Courts [6th ed.], §§ 147–148). After appellant files a petition for the probate of the purported will, the parties, if so advised,

may move to consolidate the proceeding instituted by appellant with that portion of the proceeding instituted by respondent which has not been dismissed (Surrogate's Ct. Act, § 65). Wenzel, Acting P. J., Murphy, Hallinan and Kleinfeld, JJ., concur; Beldock, J., concurs in result.