In the Matter of the Estate of OLIVER L. ROBINSON, Deceased. ALLEN ROBINSON, Appellant; ALPHONSE ROBINSON, Respondent.

First Department, October 27, 1966.

*Irving E. Yelowcin* for appellant.

*William Payton Smith* for respondent.

STEUER, J. The decedent had two brothers, Alphonse and Allen. On December 4, 1964, he duly executed a will in which he left all his property to his brother Alphonse and named him executor. The will further provided that if Alphonse predecease the testator, the estate should go to Allen, who, in that event, was to be executor. The will consisted of four typewritten pages and a cover, which were fastened together by staples. All of the dispositive provisions above referred to appear on the first page.

Two months later, on February 1, 1965, the decedent informed his lawyer that he wished to change his will by leaving his property to both his brothers, who should share equally, and that both should be executors. He also wished to make a bequest of a certain savings account to a friend. The attorney advised him that, as to the latter, he could accomplish his desire by converting the account to one in trust for the friend. The decedent very shortly did this. The attorney thereupon, in the presence of the decedent, removed the staples from the will and dictated to his secretary a new first page. He then directed her to copy the remaining pages and instructed her to request another attorney in the same office suite to supervise the execution, as he had an appointment out of the office. The secretary typed the new page but, instead of following the other directions, attached this new page to the others, stapled them together and had the decedent initial all the pages. Upon the

attorney's return, she told him that his instructions had been carried out.

The Surrogate refused the application of the brother Allen to deny probate to the will as executed in 1964. The applicant concedes that no new will was executed in February, 1965 but contends that the prior will was revoked by the acts of the decedent and, hence, there was an intestacy.

Section 34 of the Decedent Estate Law, as material, reads: "No will in writing * * * shall be revoked * * * unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses." Concededly, the acts that were done and the direction and consent of the testator were established by two witnesses, namely, the attorney and his secretary. It is claimed, however, that the acts do not come within those established by the statute as the criteria of revocation.

The statute in question was derived from the English Statute of Frauds, from which it has been transcribed through several legislative enactments in language (as regards what constitutes the physical act of revocation) that is practically verbatim. (See the exhaustive discussion in *Matter of Thompson,* 190 Misc. 760, 763.) The English courts have regarded the criteria as practically a recital of what would usually constitute a mutilation of the will, and have held that an act not specifically mentioned (removal of a seal, even though a seal was not required) which would amount to mutilation, is a revocation (*Nasmyth* v. *Hare,* 1 Shaw App. 65). "Mutilation" is often the word used by our courts to describe what is necessary to revoke a will (*Matter of Hopkins,* 172 N. Y. 360, 363, quoting Redfield on Wills, p. 307; *Matter of Davis,* 6 Misc 2d 10). Granted proof of the testator's intent and physical acts which would amount to mutilation of the instrument, it is sufficient if the particular method of mutilation bears only a slight resemblance to the specific acts in the statute. It might well be said that the latter are illustrative rather than exclusive.

Thus, in *Matter of Thompson (supra)* the acts were destruction of a ribbon and seal and the removal of a staple. The latter act involved a tearing of the paper near where the staple had been but did not affect any portion on which the text or the signatures had been written. It was held that the will had been revoked. If in the instant case the original first page had been

discarded by the attorney, or lost, an intestacy would have resulted (*Treloar* v. *Lean,* 14 P. D. 49). The mere fact that it was fortuitously preserved cannot operate to defeat the testator's clearly shown intent.

Decree of the Surrogate denying application to deny probate to the instrument dated December 4, 1964, should be reversed on the facts and the law, and application granted, with costs payable out of the estate to all parties filing briefs.

Botein, P. J., Breitel, McNally and Bastow, JJ., concur.

Decree of the Surrogate denying application to deny probate to the instrument dated December 4, 1964, unanimously reversed, on the facts and the law, and application granted, with $50 costs and disbursements to appellant and disbursements to respondent all payable out of the estate.