Otto C. Jaeger, S.
Petitioner, a brother and distributee of decedent, requests that a paper writing dated March 14, 1961 be denied probate as the last will and testament of decedent on the ground that it was revoked by decedent prior to his death; that it be determined that decedent died intestate; and that letters of administration be issued to petitioner. Respondent, a nephew of decedent’s wife and a legatee named in the will, opposes the application, claiming there was no revocation in fact nor could there be an effective revocation as a matter of law.
The proof elicited at the hearing showed that decedent and his wife had made mutual wills on March 14,1961. The will of each gave everything to the other but if the latter predeceased the testator (or testatrix), the estate was given equally to a niece and nephew of the husband and a nephew of the wife, the object- *309 ant herein. The wife died on August 15,1967 and her will, leaving everything to her husband, the decedent herein, was admitted to probate on September 11, 1967. After the death of his wife, the decedent herein had discussed with' a sister and with his attorney the malting of a new will which would leave his estate only to his nephew and niece and would change the executor. However, he died on October 15, 1967 before any new will was made.
A “ couple of days ” after decedent’s death, one of his sisters testified that while she and another sister were searching through his apartment, they found “ in the top draw of the dresser in his apartment ” an envelope identified as containing decedent’s will. While the envelope was unsealed and the first page of the will was seen, no further examination was made at that time. The envelope and will were delivered to the attorney by the sister of decedent whose son was one of the three residuary legatees named in the will. The testimony is that upon examination of the document in the lawyer’s office, it was first discovered that the signatures of the decedent and those of the witnesses were torn off. The evidence further showed that a number of pencil and ink deletions had been made on the instrument as well as pencil additions and insertions in the handwriting of decedent. The changes were along the lines decedent had discussed with his attorney and sister. There was no evidence as to the time when the changes were made or the signatures torn off. Respondent conceded that the instrument was found as claimed. The draftsman attorney also testified that at the time the wills were executed by both the husband and wife, there was no discussion as to whether the wills were to be irrevocable and that no agreement was made with respect thereto.
The finding of decedent’s will after his death in his dresser drawer in the condition above described makes applicable the presumption expressed and applied in Matter of Bonner (17 N Y 2d 9, 11) as follows: “ There can be no dispute about the governing rule of law. If a will had been in the custody of the testator and is found among his personal effects, after his death, cut or otherwise mutilated in any of the modes prescribed by statute (Decedent Estate Law, § 34 [now EPTL 3-4.1]), there is a presumption that the cutting or mutilation was effected by the testator animo revocandi.” (See, also, Matter of Hopkins, 172 N. Y. 360, 363-364; Matter of Monette, 282 App. Div. 987.)
The question most seriously urged by the respondent is that even if it be conceded that respondent mutilated the will intending to revoke it, the revocation could not be effective. Respondent contends in effect that where husband and wife make *310 “ mutual ” wills, there must be implied an underlying agreement and understanding that the wills may be revoked by mutual consent, but that upon the death of either spouse, the will of the survivor is irrevocable. Respondent argues that this is what the parties must have bad in mind when they informed their attorney as to the content of their wills. He further argues that the attorney draftsman must have been unaware of the applicable law for otherwise he would have cautioned decedent and bis wife to enter into a signed agreement in advance and in conformity with the Statute of Frauds (EPTE 13-2.1) as to the irrevocability of the wills. No evidence was presented to support these contentions or arguments of respondent.
There is no doubt that equity will enforce the fixed obligations of parties who have agreed between themselves to make irrevocable wills, but as stated in Edtson v. Parsons (155 N. Y. 555,565) there is ‘ ‘ no absolute rule of law, which impresses upon wills, similar in their cross provisions, that mutual character, by force of which the survivor’s estate comes under a trust obligation. * * * something more is needed to warrant equitable intervention and, in the absence of an express agreement * * * it must be found in circumstances, which so surround the transaction as, imperatively, to compel the conclusion that the parties intended and undertook to bind themselves and their estates, irrevocably, in the event of the prior death of one.”
There is nothing unusual in the making of parallel or mutual wills by a husband and wife without any agreement as to irrevocability. This is a common occurrence and the court finds that it was the case here. Each spouse made an individual will. There is no evidence of any express agreement to limit either or the survivor as to future testamentary dispositions. Nor were the surrounding circumstances such as ‘ ‘ imperatively, to compel the conclusion ’ ’ of irrevocability. Clear evidence of the existence of a promise to renounce the right to alter or revoke a will is required (Oursler v. Armstrong, 10 N Y 2d 385, and cases cited therein). Such evidence is not found in the facts before the court.
Accordingly the court determines that the decedent revoked his will of March 14,1961 and that there was no express agreement nor should one be implied that the survivor’s will would be irrevocable.
The application for denial of probate is granted and letters of administration shall issue to petitioner upon filing a bond in an amount to be fixed in the decree.
Settle decree.