NESBITT, Judge.
We reverse an order of the trial court, which admitted the last will and testament of the decedent, executed February 2,1981, to probate. The effect of the order was also to deny a petition for revocation of probate brought by the decedent’s natural daughter who claimed that the decedent had revoked the will by cancellation under section 732.506, Florida Statutes (1989). For the following reasons, we reverse the order admitting the will to probate and remand for further proceedings.
A petition for determination of the validity of James John Dickson’s will, for determination of beneficiaries, and for administration of the will was filed by the decedent’s personal attorney. The attorney had prepared the will years earlier and testified that he had obtained the will from a locked drawer of the decedent's desk at the decedent’s work place. The trial court found the will to have been executed in conformity with the law and after finding that an attempted revocation had failed as a matter of law, the court ordered the will admitted to probate.
The will, which is dated February 2, 1981, is a four-page typewritten document, the final page being the self-proof affidavit included herein. At the bottom of this page is printed in red ink:
March 16, 1987 I MYSELF DECLARE THIS WILL NULL AND VOID OF SOUND MIND.
The written signature “JAMES J. DICKSON” appears directly after these three lines. Additionally, the word “void” is circled and written so as to cover the raised notarial seal located on this page. Thus, the final page of the will appears as reproduced in the appendix at the end of this opinion.
The facts as related above create two issues for our consideration. First, we must consider whether the testator performed sufficient acts of cancellation or obliteration to fall within the rubric of section 732.506. Second, we must determine the effect of the physical act’s location solely upon the will’s self-proof page. We conclude that the physical acts may be sufficient to meet the requirements of section 732.506, providing appellants prove the necessary accompanying intent to revoke. Further, we conclude the fact that these marks were made on the page labeled self-proof affidavit does not preclude a finding that a revocation of the entire will occurred.
The primary goal of the law of wills, and the polestar guiding the rules of will construction, is to effectuate the manifest intent of the testator. In re Estate of McGahee, 550 So.2d 83, 85 (Fla. 1st DCA 1989), review denied, 560 So.2d 232 (Fla.1990); see Marshall v. Hewett, 156 Fla. 645, 648, 24 So.2d 1, 2 (1945). Notwithstanding this goal, strict compliance with statutory requirements is a prerequisite for the valid creation or revocation of a will. In re Bancker’s Estate, 232 So.2d 431, 432 (Fla. 4th DCA), cert. denied, 238 So.2d 111 (Fla.1970). As to the method employed in the instant alleged revocation, section 732. 505, Florida Statutes (1989), provides a will or codicil or any part of either is revoked by writing:
(1) By a subsequent inconsistent will or codicil, even though the subsequent inconsistent will or codicil does not expressly revoke all previous wills or codicils, but the revocation extends only so far as the inconsistency exists.
(2) By a subsequent written will, codicil, or other writing declaring the revoca *473 tion, if the same formalities required for the execution of wills are observed in the execution of the will, codicil, or other writing.
Section 732.506 provides for revocation by act, stating:
A will or codicil is revoked by the testator, or some other person in his presence and at his direction, by burning, tearing, canceling, defacing, obliterating, or destroying it with the intent, and for the purpose, of revocation.
As appellants themselves concede, the instant revocation fails under section 732.-505 because the formalities necessary for execution were not followed. See In re Estate of Shifflet, 170 So.2d 96 (Fla. 3d DCA 1964). Whether the attempted revocation also fails under section 732.506 as acts performed with the intent and purpose of revocation is clearly a question of fact.
In order to revoke a valid will, there must be a joint operation of act and intention to revoke. Stewart v. Johnson, 142 Fla. 425, 194 So. 869 (1940). As stated in Leighton v. Harmon, 111 So.2d 697 (Fla. 2d DCA 1959), citing D. Redfem, Wills and Administration of Estates in Florida § 86 (1933):
Whenever the question is raised as to whether or not there has been a revocation by any destruction or obliteration, parol and other extrinsic evidence is necessarily admissible to show what acts were done by the testator and what his intentions were ... parol evidence as to what the testator did and as to what his declarations were, whether made before, at the time of, or after the alleged act of revocation, if concerning the act of revocation or attempted revocation, would be admissible. From such parol evidence, as well as from all other circumstances connected with the alleged revocation, it would be determined whether a revocation had taken place or not.
While clear evidence is required in order to prove an intent to revoke a will once regularly made, 18 Fla.Jur.2d Decedent’s Property § 231 (1980), citing 79 Am.Jur.2d Wills § 626 (1975), there appears to be no threshold amount of destruction, obliteration or cancellation necessary once some evidence of the statutorily prescribed physical acts is produced. Performance of any visible symbols of revocation prescribed by statute together with declared intention to revoke has been held to constitute good revocation of a will. Worcester Bank & Trust Co. v. Ellis, 292 Mass. 88, 197 N.E. 637 (1935). Thus, the physical acts in the instant case are sufficient to have required the trial court to permit appellant the opportunity to prove the revocation claimed. See In re Sax’s Estate, 25 Misc.2d 576, 202 N.Y.S.2d 774 (N.Y.1960) (manual indication sufficient where found to be physical token of inward intent).
Furthermore, it is generally held that while a written revocation cannot be found when not performed in compliance with section 732.505, where words indicating an intent to revoke are written upon the will and,- in addition to such circumstance there is some other act of cancellation, the words are competent evidence and may be introduced to show the intent with which the other act was performed. See Smith v. Runkle, 97 A. 296, 303 (Prerog.1915), affirmed, 98 A. 1085 (N.J.1916).
Thus, as to the alleged revocation by physical act, we conclude that the encircling of the notarial seal and obliterating it by the word “void” together with the writing of the other language appearing, constituted legally sufficient physical acts so as to effectively revoke the will, if upon remand clear proof of the testator’s intent to revoke is demonstrated.
The second issue we address is: If the trial court concludes that there were physical acts with the accompanying intention to revoke, what is the effect of the marks being solely on the self-proof portion of the will? As observed in In re Estate of Charry, 359 So.2d 544 (Fla. 4th DCA 1978), a number of Texas cases hold that the self-proof affidavit relates to proof only and is not part of the will whether on the same instrument or attached as a separate document. We agree with the fourth district that:
*474 The better view is that attestation clauses and self proof affidavits are not necessary or essential parts of a will but when incorporated into a will they are not improper parts of it. The Texas view places form above substance and we decline to follow it.
Id. at 545.
In In re Schiele’s Estate, 51 So.2d 287 (Fla.1951), the testator failed to sign his will on the line provided at end for his signature, but signed in an attestation clause. The supreme court determined the instrument was not invalid under the statute requiring a signature at the end, but that the probate court was required to consider parol or extrinsic evidence to determine whether the signature was affixed with testamentary intent. Just as there, the court reached into the attestation clause to determine the will’s validity, so too, the acts performed in the instant case on the self-proof affidavit can be considered in determining the entire will’s revocation.
Furthermore, a number of cases have determined that tearing off the seal affixed to a will may accomplish a revocation of the instrument or be a factor contributing to a determination of revocation, notwithstanding that the particular statute under consideration may not have required a seal. In re Robinson’s Will, 26 A.D.2d 306, 273 N.Y.S.2d 985 (N.Y.A.D.1966); Matter of Thompson’s Estate, 190 Misc. 760, 71 N.Y.S.2d 501 (N.Y.1947) (following the English rule, that the integrity of the instrument is destroyed when tearing of the seal accompanied intent to revoke).
The probate court concluded that the described physical acts were legally insufficient as a matter of law to revoke the will and therefore ordered the will admitted to probate. Following our analysis, finding neither the extent of the markings nor their location an absolute bar to a determination of revocation, the case is reversed and remanded for further proceedings consistent with the holdings made herein.
Reversed and remanded.
JORGENSON, J., concurs.
*475 [[Image here]]